GRIMES, Judge.
On his own motion, the trial judge certified to this court the following question:
Is the residence of the President of the University of Tampa (an “educational institution” as defined in F.S. § 196.-012(4) [, F.S.A.]), which residence is-not on the campus but is owned by the University and used by the President as a residence and for faculty and other meetings and functions necessary for the operation of the University of Tampa as an educational institution, exempt from taxation under F.S. 196.198, [F.S.A.] which provides “educational institutions within this State and their property used exclusively for educational purposes shall be exempt from taxation” ?
The certificate included no factual statement. With reference to certified questions, FAR 4.6(c), 32 F.S.A. requires the certificate to contain a Statement of Facts “showing the nature of the cause and the circumstances out of which the questions or propositions of law arise.”
In the absence of a Statement of Facts, it does not necessarily appear that our answer to the certified question would be determinative of the cause. Furthermore, it may be that the outcome of this case will depend upon the degree to which the President’s residence is used for university functions, in which event the trial court would have to make findings of fact.
The case is hereby remanded to the trial court for further proceedings not inconsistent herewith.
McNULTY, A. C. J., and BOARDMAN, J., concur.