304 So.2d 134 (1974)
R.R. WALDEN, As Tax Assessor of Hillsborough County, Florida, Appellant,
v.
UNIVERSITY OF TAMPA, INCORPORATED, a Nonprofit Corporation, Appellees.
No. 74-330.
District Court of Appeal of Florida, Second District.
December 11, 1974.
Brooks P. Hoyt, Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Sam Bucklew, Bucklew, Ramsey, Ott & Gardner, Tampa, for appellees.
BOARDMAN, Judge.
On December 8, 1972, appellee/plaintiff filed its complaint by which it sought to establish that certain real property owned by appellee was exempt from ad valorem taxation which had been levied and assessed for the years 1968, 1969, 1970 and 1972. No tax had been assessed for the year 1971. The property in issue was used as the home of the president of the University of Tampa, a private institution of higher education. Appellant moved to dismiss the complaint and subsequently filed motion for summary judgment. The trial court certified to this court the question of whether the residence of the president of appellee was within the definition of an educational institution and therefore exempt from taxation. This court in University of Tampa v. Hillsborough County, Fla.App.2d, 1974, 287 So.2d 708, found the certification not to be in compliance with the Florida Appellate Rules and remanded the cause to the trial court for further proceedings.
In 1968, appellee had filed an application for exemption but was advised that no exemption was applicable and, thereafter, paid the taxes assessed for that year under protest. Taxes for the years 1969, 1970 and 1972 were also paid under protest. In his complaint appellee sought injunctive relief *135 from assessment and a refund of taxes paid under protest. The trial court found:
... the president's residence is being used exclusively for educational purposes in its broader sense... .
The trial court's order held that all assessments for ad valorem taxes in issue on the property were illegal and void and ordered a refund of taxes paid. This timely appeal followed.
We have reviewed appellant's first two issues regarding the exemption of the president's residence from taxation and hold that reversible error was not demonstrated. We, therefore, affirm that portion of the order of the trial court relating to the exemption and agree with his finding that the president's residence falls within the purview of former Section 196.191(3), since repealed in 1971 by Section 196.198, Florida Statutes.
Appellant's third issue on appeal is whether the trial court erred in failing to find that appellee's suit was time barred as far as the ad valorem taxes paid for the years 1968, 1969 and 1970. Appellant's contention is that the taxes paid for the above three years would be time barred under former Florida Statutes, similar in language to the present statute Section 194.171(2). This latter section provides:
No action shall be brought to contest a tax assessment after 60 days from the date the assessment roll is certified for collection under section 193.122(2).
The affidavit of the tax assessor establishes that the certification dates on the above three years were November 13, 1968; December 5, 1969, and December 2, 1970, respectively. However, Florida Statutes, Section 194.171(2) does not apply to a "void" assessment, as distinguished from a "voidable" assessment. See Lake Worth Towers Ins. v. Gerstung, Fla. 1972, 262 So.2d 1, and cases cited therein.
As was stated by the supreme court in Lake Worth Towers Ins., supra, a tax assessment that is not taxable because of its exempt status is "void." The supreme court went on to opine that there are "deadlines" in the law which limit the institution of suits to vacate a "void" tax assessment. The high court held:
... [E]ven as to property not subject to taxation at all because of its immunity or exempt status it is our view that if the tax assessed is paid, suit must be brought by the taxpayer against the county within one year after such payment to recover the amount paid pursuant to F.S. Section 95.08, F.S.A... . The policy involved in such limitations and laches is that there must be a time when tax processes and procedures that have been completed should not be judicially disturbed... . (262 So.2d 1, pages 4-5).
Although not specifically mentioned in the Lake Worth Towers opinion, supra, we are of the view that taxes paid under protest nevertheless would still come within the purview of the law of the cited case. Therefore, we reverse that portion of the trial court's order refunding the taxes paid in 1968, 1969, and 1970 for the reason that appellee did not file this action within the time prescribed in Section 95.08, Florida Statutes. In light of this opinion taxes paid in 1972 must be refunded in accordance with the trial court's order.
Affirmed in part and reversed in part.
McNULTY, C.J., and HOBSON, J., concur.