HOBSON, Judge.
This appeal is from a final summary judgment wherein the trial court held that the appellee, University of South Florida Foundation, was an educational institution within the purview of Chapter 196, Florida Statutes. The Foundation owned two parcels of property, one of which was immediately adjacent to the University of South Florida campus and improved by two 2-story apartment buildings. As to this par *461 cel the trial court held that it was totally exempt from ad valorem taxation because it was used exclusively for an exempt purpose, to wit, educational. We conclude that the trial court was eminently correct as to this parcel and the final summary judgment as to this parcel is affirmed.
The other parcel was approximately 30 acres situated on Lake Thonotosassa. Included in this parcel was a five-acre orange grove from which the Foundation received approximately $200 a year from the sale of the citrus fruit. The trial court held that the orange grove should be severed from the remaining property as it was not used for educational purposes. He further held that the remaining property was exclusively used for educational purposes and, therefore, was exempt from ad valorem taxation. After severing the orange grove the trial court held that the Foundation was liable for ad valorem taxes on the five-acre grove.
Florida Statute 196.192 states:
“All property used predominantly for exempt purposes shall be exempted from ad valorem taxation to the extent of the ratio that such predominant use bears to the nonexempt use.”
The Lake Thonotosassa property being one tract of land which included the orange grove, the trial court should have applied the above statute as to the predominant use and determined the ratio that such predominant use bears to the nonexempt use.
We have carefully considered the other points on appeal and cross appeal and find them to be without merit.
For the foregoing reasons the final summary judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
McNULTY, C. J., and BOARDMAN, J., concur.