BENTLEY, E. RANDOLPH, Associate Judge.
The Property Appraiser (formerly known as Tax Assessor) of Hillsborough County denied an educational tax exemption to Berkeley Preparatory School, Inc. for a residence occupied by the headmaster of the school. Berkeley filed suit in Circuit Court and was granted a summary judgment. The Property Appraiser appeals. We affirm.
Berkeley, which is a preparatory school with grades kindergarten through 12, is without dispute an educational institute within the meaning of Fla.Stat. § 196.-012(4). The property involved in this litigation is the residence of the headmaster and is located some distance from the campus. The Property Appraiser contends that the residence is not entitled to a total exemption from taxation because it was not used exclusively for educational purposes as contemplated by Fla.Stat. § 196.192(1) or Fla. Stat. § 196.198.
The property was purchased by the school for use as a headmaster’s residence, and the headmaster is required to live there. But, the property is also used for cookouts and picnics for student groups, teas for students and parents, faculty entertainment, individual counseling of students and parents, entertainment and housing of school guests, and like matters. And, while the premises are not used continually for such purposes, they are available at all times for such uses.
The record indicates a belief on the part of school authorities that such activities foster a personal relationship which is an important factor in its educational process. The educational need to use the residence for this purpose is not controverted in the record.
The trial court found that the property is regularly and frequently used for educational purposes by the headmaster, faculty and members of the student body, but that the use for instruction, training and learning was not the sole and exclusive use; however, the court considered the opinion in Walden v. University of Tampa, Inc., Fla.App.2d 1974, 304 So.2d 134, which involved the off-campus residence of the president of the University of Tampa. In that case we quoted with approval the finding of the trial court that:
*1031 “. . . the president’s residence is being used exclusively for educational purposes in its broader sense.”
The trial court concluded that the uncontro-verted facts in this case brought it within a “broader sense” doctrine as set forth in the University of Tampa case.
The Property Appraiser strenuously argues that what may be an acceptable educational use in the “broader sense” at the university level is not necessarily so at the preparatory school level. In effect he says: Where do we stop? However, the Appraiser filed no affidavits before the trial court to controvert the showing of “educational need” made by the School. In effect, there was “no genuine issue of any material fact” before the court.
We do not hold that the residence of a headmaster of a preparatory school is, in every instance, entitled to the exemption. We do hold that under the undisputed facts before the trial court in this ease that Berkeley Preparatory School is entitled to the exemption.
Affirmed.
BOARDMAN, Acting C. J., and SCHEB, J., concur.