ZEHMER, Judge.
Appellant, John R. Jones, Jr., as Property Appraiser of Escambia County, appeals a final summary judgment in favor of ap-pellee. The appealed judgment ruled that appellee was exempt from ad valorem taxation for 1981 and 1982 and that taxes assessed for those years were null and void. We reverse because the factual predicate for the summary judgment is not supported by the record.
Appellee, Life Care of Baptist Hospital, Inc. (Life Care), is a not-for-profit Florida corporation organized pursuant to chapter 617, Florida Statutes (1981), doing business as Azalea Trace. It is a “health facility” as defined in section 154.205(8), Florida Statutes (1981), because it is authorized to provide nursing home care services in accordance with chapter 400, Florida Statutes, and life care services in accordance with chapter 651, Florida Statutes.[1]
The Escambia County Health Facilities Authority (Authority) was established in March 1975 under chapter 154, part III, Florida Statutes. On February 14, 1980, the Authority adopted a resolution authorizing the issuance of revenue bonds to acquire and construct a health facility designed to provide life care services. These revenue bonds were validated in a circuit court proceeding on March 19, 1980. Using funds from the bond issue, the health facility was constructed by Life Care on property owned by it. This property was subsequently leased to the Authority and then subleased back to Life Care. The health facility commenced operations under the name Azalea Trace and has been providing life care services in accordance with chapter 651, Florida Statutes.
Appellee sought a property tax exemption for the Azalea Trace property for 1981 and 1982 from the Escambia County property appraiser, but such exemption was denied. Appellee then appealed to the Property Appraisal Adjustment Board, which also denied the exemptions. Property taxes for the years 1981 and 1982 were assessed against appellee as owner of the real estate and health facility. Appellee filed a complaint in circuit court challenging the validity of taxes assessed for 1981 and 1982 and the denial of exemptions related thereto. The complaint set forth six different grounds for declaratory, injunc-tive, and other relief. Appellee moved for summary judgment, contending there were no genuine issues as to any material facts and that it was entitled to judgment as a matter of law because the property was exempt from taxation pursuant to section 154.233, Florida Statutes (1981). The motion also alleged that appellee was entitled to summary judgment because the property appraiser failed to comply with the statutory notice requirements set forth in section 196.193(5), Florida Statutes (1981).[2] The trial court entered final summary judgment in favor of appellee, but no specific grounds were stated in the order.
Chapter 154, part III, Florida Statutes (1981), entitled the “Health Facilities Au *728 thorities Law,” is designed to facilitate the provision of adequate medical care and health facilities within each county and municipality in the state by authorizing the creation of public authorities vested with power to issue bonds and assist in the acquisition, construction, and financing of health facilities. Section 154.205(2) defines “authority” or “health facilities authority” as “any of the public corporations created by section 154.207 or any board, body, commission, or department of a county or municipality suceeding to the principal functions thereof or to whom the powers conferred upon each authority by this part shall be given by law.” The Escambia County Health Facilities Authority constitutes an “authority” under the provisions of this chapter.
Section 154.205(8) defines the term “health facility” as “any private corporation organized not for profit and authorized by law to provide hospital or nursing home care services in accordance with chapter 395 or chapter 400 or life care services in accordance with chapter 651.” Because ap-pellee is a corporation not for profit and the Azalea Trace project is financed by revenue bonds issued under chapter 154 and is providing life care services under chapter 651, appellee is a health facility within the terms of chapter 154.
Section 154.233 provides as follows:
The exercise of the powers granted by this part will be in all respects for the benefit of the people of this state, for the increase of their commerce, welfare, and prosperity, and for the improvement of their health and living conditions, and because the operation and maintenance of a project by a health facility will constitute the performance of an essential public function, neither the authority nor a hospital institution shall be required to pay any taxes or assessments upon or in respect of a project or any property acquired by the authority under the provisions of this part or upon the income therefrom, and any bonds issued under the provisions of this part, their transfer, and the income therefrom, including any profit made on the sale thereof, shall at all times be free from taxation of every kind by the state, the local agency, and municipalities and other political subdivisions in the state, except that such income shall be subject to the tax imposed pursuant to the provisions of chapter 220. [Emphasis supplied.]
Initially, we note that the summary judgment order recites that the Authority owns the real property that was assessed in 1981 and 1982. Apparently, this finding was the predicate for allowing a tax exemption to appellee under section 154.233, Florida Statutes (1981). The record indicates, however, and both parties agree, that ap-pellee owns the assessed property and that the Authority is merely the lessee and sub-lessor of the property. Accordingly, the summary judgment cannot be sustained on the basis of a tax exemption granted to the Authority for property owned by it. §§ 154.233 and 196.199, Fla.Stat. (1981).
Appellee contends it is exempt from taxation because it is a “hospital institution.” We disagree. A section 154.233 exemption is applicable only if appellee were either an “authority” or “a hospital institution.” In section 154.205(8), the legislature defined the term “health facility” as encompassing not-for-profit corporations providing “hospital” services in accordance with chapter 395, “nursing home care services” in accordance with chapter 400, “or life care services” in accordance with chapter 651. A clear distinction has been made between hospitals, nursing homes, and life care facilities although each of these separately licensed entities is encompassed within the term “health facility.” Throughout part III of chapter 154, the term “health facility” is used repeatedly in the sense defined in section 154.205. Section 154.233 creates a tax exemption for an “authority” and “a hospital institution,” but not for a “health facility.” Appellee argues that the term “hospital institution” is indistinguishable in meaning from the term “health facility.” The legislature’s presumed intentional use of the term “hos *729 pital institution,” in lieu of “health facility,” however, can mean only that it intended to distinguish institutions providing hospital services from those providing nursing home and life care services. The legislature could easily have provided an exemption for a “health facility,” but chose not to do so. It is axiomatic that statutory provisions providing tax exemptions are to be construed strictly in accordance with their terms. Volusia County v. Daytona Beach Racing & Recreational Facilities District, 341 So.2d 498 (Fla.1977). Accordingly, we hold that section 154.233 is inapplicable to appellee since appellee is not a “hospital institution.”[3]
Appellee also contends it is entitled to an exemption under section 154.233 because it is a “health facility” and this section states that “the operation and maintenance of a project by a health facility will constitute the performance of an essential public function.” Appellee points out that the final judgment of bond validation determined its operation as a health facility to be an essential public function. But section 154.233 does not grant tax exemption for the performance of an essential public function. At best this argument would establish an exemption under chapter 196, Florida Statutes, if the “essential public function” being performed by appellee is also a “charitable purpose” as defined in section 196.012(6), Florida Statutes.[4] Since this particular section was not relied on in the motion for summary judgment, we express no opinion on the validity of such an argument. Much argument on appeal has been directed to appellee’s potential tax exemption under section 196.1975, Florida Statutes. Our review of the complaint, however, reveals that appellee has made no claim for an exemption under this section. Appellee’s motion for summary judgment was based only on the alleged applicability of section 154.233 and notice deficiencies under section 196.193(5), Florida Statutes. No reference was made to any other provision in chapter 196 in that motion. Accordingly, we express no opinion on whether the “essential public function” being performed by appellee constitutes a “charitable purpose” as defined in chapter 196.
The complaint filed by appellee contained six grounds for relief, but the summary judgment was directed only to one. We reverse the final summary judgment and remand for further proceedings on the allegations of the complaint. Whether further amendments to establish a claim to tax exemption under chapter 196 should be allowed is a matter we leave to the trial court’s discretion.
REVERSED AND REMANDED.
MILLS and ERVIN, JJ., concur.

. Although the Azalea Trace project is owned by Life Care of Baptist Hospital, Inc., there is no evidence in the record that Azalea Trace is licensed and provides hospital services under chapter 395, Florida Statutes.

. Appellant has denied this allegation, and ap-pellee does not argue on appeal that this ground will support the summary judgment.

. In 1984 the legislature passed chapter 84-138, section 1, Laws of Florida, which provides that life care communities financed through health facilities authority bonds are not exempt pursuant to section 154.2331 (formerly 154.233), but are exempt only in accordance with the provisions of section 196.1975, Florida Statutes. No party contends that this 1984 law is applicable to the present dispute involving assessments for 1981 and 1982.

. Section 196.012(6), Florida Statutes (1981), reads in pertinent part:
"Charitable purpose” means a function or service which is of such a community service that its discontinuance could legally result in the allocation of public funds for the continuance of the function or service.