## MIAMI-DADE COMMUNITY COLLEGE FOUNDATION, INC. v METROPOLITAN DADE COUNTY, etc., et al.

### Case No. 87-28204 CA 21

Eleventh Judicial Circuit, Dade County

April 27, 1988

### APPEARANCES OF COUNSEL

**Thomas R. Julin** and **Brenda G. Bryn** Steel Hector & Davis, for plaintiff.

**Robert A. Ginsburg,** County Attorney and Daniel Weiss, Assistant County Attorney, for defendant.

### OPINION OF THE COURT

JOHN A. TANKSLEY, Circuit Judge.

#### *FINAL SUMMARY JUDGMENT*

THIS CAUSE came before the Court on April 26, 1988, upon plaintiff MIAMI-DADE COMMUNITY COLLEGE FOUNDATION, INC.'s (the "Foundation") Motion for Final Summary Judgment and the defendant taxing authorities' Cross-Motion for Final Summary Judgment. The Court has considered the pleadings, depositions, affida-

vits, and admissions on file and has heard the argument of counsel for the parties.

## The Undisputed Facts

This is an action for cancellation and refund of the 1986 ad valorem taxes assessed by Dade County against property owned by the Foundation — a direct-support organization for Miami-Dade Community College (the "College") — and leased to the College for use as its InterAmerican Campus.

The College has for some time provided an InterAmerican Center located near Calle Ocho. The InterAmerican Center is an educational classroom facility offering a bilingual educational program. The College, in early 1985, determined that its existing leased facility was inadequate to serve the needs of the growing student body at the InterAmerican Center. When Florida National Bank — located directly across the street from the existing facility — offered its building for sale that year, the Boards of the College and the Foundation approved acquisition of this building, remodelling a portion of the building into an educational facility which would be the College's new InterAmerican Center, and leasing the remaining portion of the building to Florida National Bank.

Florida National Bank ceased activity in the portion of the building to be used for the InterAmerican Center long before January 1, 1986, which was the assessment date and the date that the property was purchased. It was as early as May, 1985, that the College engaged an architectural firm to draw up site plans for converting that portion of the building into a classroom facility with language labs. Once the site plans had been completed, in November, 1985, the Foundation entered into a contract with a general contractor for conversion of that portion of the building into an educational classroom facility. Prior to actually conveying title, in November, 1985, Florida National Bank gave the Foundation permission to begin demolition within the portion of the building to be converted to classrooms.

The Foundation acquired the Florida National Bank Building on January 1, 1986. Because the College did not yet have legislative authorization or an appropriation for purchasing the portion of the property to be used as an educational facility, the Foundation purchased this portion of property on behalf of the College with proceeds of a revenue bond issued by the Dade County Higher Educational Facilities Authority pursuant to the Higher Educational Facilities Law. The Foundation agreed to remain liable for repayment of the bond proceeds. The Foundation then entered into a lease-purchase agreement

**15**

with the College, also on January 1, 1986, whereby the College would lease its portion of the building from the Foundation for educational purposes and would have an option to purchase that part of the building for the sum of one dollar ($1) plus the outstanding indebtedness on the bond when the College received the necessary legislative authorization and an appropriation.

The Dade County Property Appraiser placed the entire property owned by the Foundation on the 1986 assessment roll as nonexempt real property, and denied the Foundation's application for a tax exemption for that part of the property which had been leased to the College for educational use. The Foundation paid all taxes levied on the property, including $66,870.65 directly attributable to that portion of the property leased to the College, and filed this action seeking a refund of the $66,870.65.

### Conclusions of Law

The Foundation is entitled to judgment as a matter of law on its Amended Complaint on three separate and independent grounds.

First, section 243.33, Florida Statutes (1985), exempts an "agent" of the Higher Educational Facilities Authority (the "Authority") from paying taxes on property acquired pursuant to Chapter 243, the Higher Educational Facilities Law. Section 243.39, Florida Statutes (1985), explicitly mandates that the term "agent" in Section 243.33 be construed liberally to effect the purposes of the Educational Facilities Law. Having helped determine the character and location of the project, leased the project to the College, entered into all contracts for the reconstruction and leasing of the educational facility, and taken title to the property in its name, the Foundation was clearly the Authority's "agent" pursuant to sections 243.22(5)(d) and 243.24 of the Higher Educational Facilities Law. The Foundation must therefore be deemed the Authority's "agent" for purposes of the tax exemption provision — section 243.33 — as well, because related statutory provisions must be construed in harmony with one another. *See Villery v. Florida Parole and Probation Comm'n,* 396 So.2d 1107, 1111 (Fla. 1980); *see also Major v. State,* 180 So.2d 335, 337 (Fla. 1965). Having acquired the subject property as the Authority's "agent" pursuant to the Educational Facilities Law, the Foundation is exempt from paying taxes on the subject property pursuant to section 243.33.

Second, section 196.192(1), Florida Statutes (1985), exempts property used exclusively for exempt purposes from ad valorem taxation. Section 196.012, Florida Statutes (1985), provides that exclusive use of property for educational purposes is an exempt use of property. The

16

defendants' narrow construction of the term "educational purposes" to refer only to classroom activity is statutorily unwarranted and unduly restrictive. "Use for educational purposes" must be construed to mean "educational purposes in its broader sense." *Walden v. Berkley Preparatory School, Inc.*, 337 So.2d 1029, 1020 (2d DCA 1976), *cert. denied*, 344 So.2d 327 (Fla. 1977). The extensive process of acquiring property pursuant to the Higher Educational Facilities Law and planning and preparing the property here at issue for use as an educational facility qualifies as an exempt educational use of that property because the property could not be used and, in fact, was not used for any nonexempt purpose. *See Lummus v. Miami Beach Congregational Church*, 142 So.2d 657, 195 So. 607, 609 (1940); *City of Sarasota v. Mikos*, 374 So.2d 458, 460 (Fla. 1979); *Hausman v. First Baptist Church of Pine Hills, Inc.*, 513 So.2d 767 (Fla. 5th DCA 1987). Because the property here at issue was actually and exclusively used for educational purposes as of January 1, 1986, it is entitled to the exemption in section 196.192(1).

Finally, the Foundation is entitled to the exemption provided in section 196.198, Florida Statutes (1985), which provides that educational institutions are exempt from taxation. A nonprofit college foundation owning property solely for the benefit of a community college is an educational institution within the purview of section 196.198. *See Walden v. University of South Florida Foundation*, 328 So.2d 460 (2d DCA), *cert. denied*, 336 So.2d 605 (Fla. 1976).

In accordance with the above, the Motion of plaintiff, MIAMI-DADE COMMUNITY COLLEGE FOUNDATION, INC., for Final Summary Judgment is granted and the Cross-Motion of defendant taxing authorities, METROPOLITAN DADE COUNTY, GENE PICCIANO, JOEL W. ROBBINS, FRED GANZ and RANDALL MILLER, for Final Summary Judgment is denied.

IT IS ADJUDGED that plaintiff, MIAMI-DADE COMMUNITY COLLEGE FOUNDATION, INC., shall recover from defendants, METROPOLITAN DADE COUNTY, GENE PICCIANO, as Property Appraiser of Dade County, Florida, JOEL W. ROBBINS, as Acting Property Appraiser of Dade County, Florida, FRED GANZ, as Tax Collector of Dade County, Florida, and RANDALL MILLER, as Executive Director of the State of Florida Department of Revenue, the sum of $66,870.65, that shall bear interest at the rate of 12% a year, for which let execution issue. The Court reserves jurisdiction to consider a motion to tax costs.

DONE AND ORDERED in chambers in the Eleventh Judicial Circuit of Florida, Miami, Dade County, this 27th day of April, 1988.