Mr. James G. Yaeger Lee County Attorney Post Office Box 398 Fort Myers, Florida 33902-0398
Dear Mr. Yaeger:
You have asked for my opinion on substantially the following question:
Whether the Lee County Board of County Commissioners is authorized, pursuant to section 196.28, Florida Statutes, to cancel all outstanding liens for taxes on land, delinquent or current, acquired by the county and used by the county for those public purposes set forth in the statute, such that the ad valorem levies of all of the taxing authorities operating within the county, including municipalities, the school board, municipal services taxing districts, and any other political subdivisions of the state operating within the county would be discharged?
In sum:
Section 196.28, Florida Statutes, authorizes the Board of County Commissioners of Lee County to cancel and discharge any and all liens for delinquent or current taxes that are held or owned by the county or the state on land acquired by the county for those county purposes set forth therein. While current taxes on these lands may be prorated and cancelled by other taxing authorities pursuant to section 196.29, Florida Statutes, the Board of County Commissioners may not undertake to cancel or discharge liens for taxes owed to any taxing entity other than the county or the state pursuant to section 196.28, Florida Statutes.
Unless expressly exempt from taxation, all real and personal property in Florida is subject to taxation.[1] Real and personal property are to be assessed according to their just value as of January 1.[2] Section 197.122(1), Florida Statutes, provides in part that:
All taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been assessed and shall continue in full force from January 1 of the year the taxes were levied until discharged by payment or until barred under chapter 95.
County-owned property used for public purposes, like that of other governmental entities, is exempt from taxation pursuant to section196.199(1)(c), Florida Statutes:
All property of the several political subdivisions and municipalities of this state or of entities created by general or special law and composed entirely of governmental agencies . . . which is used for governmental, municipal, or public purposes shall be exempt from ad valorem taxation, except as otherwise provided by law.
However, your question relates to the taxes owed on property acquired by a county which were imposed while the land was in private ownership.
Pursuant to section 196.28(1), Florida Statutes:
The board of county commissioners of each county of the state be and it is hereby given full power and authority to cancel and discharge any and all liens for taxes, delinquent or current, held or owned by the county or the state, upon lands, heretofore or hereafter, conveyed to, or acquired by any agency, governmental subdivision or municipality of the state, or the United States, for road purposes, defense purposes, recreation, reforestation or other public use; and said lands shall be exempt from county taxation so long as the same are used for such public purpose.
Subsection (2) of this statute provides the method by which such cancellation may be accomplished:
Such cancellation shall be by resolution of the board of county commissioners, duly adopted and entered upon its minutes, properly describing such lands, and setting forth the public use to which the same are, or will be, devoted. Upon receipt of a certified copy of such resolution, the proper officials of the county, and of the state, are hereby authorized, empowered and directed to make proper entries upon the records to accomplish such cancellation and to do all things necessary to carry out the provisions of this section, and to make the same effective, this section being their authority so to do.
You have asked whether the procedure described in section 196.28, Florida Statutes, would allow the board of county commissioners to discharge the taxes of political subdivisions in addition to those liens for taxes held by the county or the state. For the following reasons it is my opinion that it does not.
It is the general rule that statutes providing property tax exemptions are to be construed strictly in accordance with their terms.[3] Thus, the exemption provided in s. 196.28, Florida Statutes, may not be expanded outside the scope of what is clearly provided by the language of the statute.[4]
Further, the Legislature has made provision for proration and cancellation of taxes imposed by other governmental entities against property acquired by a county but these provisions for cancellation exist outside section 196.28. Section 196.29, Florida Statutes, states that:
Whenever any county, school board, or community college district board of trustees of this state has heretofore acquired, or shall hereafter acquire, title to any real property, the taxes of all political subdivisions, as defined in s. 1.01, upon such property for the year in which title to such property was acquired, or shall hereafter be acquired, shall be that portion of the taxes levied or accrued against such property for such year which the portion of such year which has expired at the date of such acquisition bears to the entire year, and the remainder of such taxes for such year shall stand canceled.
Thus, the Legislature has made provision for the proration and cancellation of current taxes imposed by all political subdivisions on land acquired by a county.[5]
A method for guaranteeing that the taxes on property will be collected for the period prior to the transfer of ownership to a governmental unit is set forth in section 196.295, Florida Statutes. In the event that land is transferred to an exempt entity, such as the county, section 196.295(2), Florida Statutes, mandates taxpayer liability for those taxes due from prior years on such property.
In sum, it is my opinion that section 196.28, Florida Statutes, authorizes the Lee County Board of County Commissioners to cancel and discharge liens for either delinquent or current taxes that may be held by the county or by the state upon lands acquired by the county for the public purposes set forth therein. Section196.29, Florida Statutes, authorizes the proration[6] of taxes levied by all political subdivisions[7] against property acquired by a county during that portion of the year prior to such acquisition and the cancellation of the remainder of such taxes for that year.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 196.001, Fla. Stat.
[2] Section 192.042, Fla. Stat.
[3] See, Jones v. Life Care of Baptist Hospital, Inc.,476 So.2d 726 (Fla. 1st DCA 1985), review denied 486 So.2d 596 (Fla. 1986).
[4] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Biddle v. State Beverage Department, 187 So.2d 65, 67 (Fla. 4th DCA 1966), for the proposition that where a statute sets forth exceptions, no others may be implied to be intended.
[5] Cf., Op. Att'y Gen. 71-291, in which this office read section196.29, Fla. Stat. (1971), strictly to allow the cancellation or proration of taxes for that tax year upon government-owned lands only when such lands were owned by those governmental entities set forth in the statute (at that time only the county or school board were set forth therein).
[6] Section 196.295(1), Florida Statutes, provides that:
In the event fee title to property is acquired between January 1 and November 1 of any year by a governmental unit exempt under this chapter by any means except condemnation or is acquired by any means except condemnation for use exclusively for federal, state, county, or municipal purposes, the taxpayer shall be required to place in escrow with the county tax collector an amount equal to the current taxes prorated to the date of transfer of title, based upon the current assessment and millage rates on the land involved. This fund shall be used to pay any ad valorem taxes due, and the remainder of taxes which would otherwise have been due for that current year shall stand canceled.
[7] The term "political subdivisions" is defined in section 1.01, Fla. Stat., and that definition is adopted by s. 196.29, Fla. Stat.