738 So.2d 502 (1999)
BARNETT BANKS, INC., Appellant,
v.
DEPARTMENT OF REVENUE, an agency of the State of Florida, Appellee.
No. 98-4104.
District Court of Appeal of Florida, First District.
August 10, 1999.
*503 David M. Wells, J. Riley Williams, and William W. Deem of McGuire, Woods, Battle & Boothe, L.L.P., Jacksonville, for appellant.
Robert A. Butterworth, Attorney General, and Jeffrey M. Dikman, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
This case involves a dispute over whether the Florida Department of Revenue ("Department") had the statutory authority to assess interest on additional state corporate income tax paid by appellant as a result of audit adjustments made in the amount of federal taxable income reported on its corporate income tax returns for the tax years 1986 through 1991. We conclude that the Department did not have the authority to assess interest under the circumstances of this case and reverse.
Appellant and a corporation known as First Florida Banks, Inc., which was later acquired by appellant through a corporate merger, timely filed federal and state corporate income tax returns for the tax years 1986 through 1991. At the time of their merger, both corporations were being audited by the Internal Revenue Service ("IRS") for the tax years in question. After the merger, appellant agreed with the IRS to make various upward adjustments to the amount of federal taxable income reported by the two corporations on their federal corporate income tax returns for the tax years in question.
Under Florida's Income Tax Code ("FITC"), the amount of state corporate income tax due from a corporation for a given year is based on the amount of taxable income that corporation had for federal income tax purposes for that year. See §§ 220.11, 220.12, & 220.13, Fla. Stat. (1997). If the amount of taxable income reported on a federal corporate income tax return is adjusted after the filing of the original federal return (for example, through a federal audit), the corporate taxpayer must notify the Department of the adjustment by filing an amended state corporate income tax return, known as a notification, reflecting the adjustment. See § 220.23(2), Fla. Stat. (1985). If any additional *504 state corporate income tax is due as a result of a federal taxable income adjustment, the required adjustment notification must be filed and the amount of additional tax owed must be remitted no later than 60 days after the adjustment has been agreed to or finally determined for federal income tax purposes. See § 220.23(2)(a)3, Fla. Stat. (1985).
In this case, appellant timely notified the Department of the federal audit adjustments in its reported taxable income for the tax years in question and remitted with its adjustment notifications all additional state corporate income tax due as a result of the adjustments. The Department did not assess any penalties against appellant in connection with the payment of the additional tax, but did assess interest on the additional tax calculated from the due date of the original returns for each of the tax years in question. Appellant paid the interest under protest and initiated these administrative proceedings to obtain a refund of the interest.
The provision in the FITC governing the accrual of interest on state corporate income tax deficiencies states in pertinent part as follows:
If any amount of tax imposed by this chapter is not paid on or before the date, determined without regard to any extensions, prescribed for payment of such tax, interest shall be paid ... from such date to the date of payment.
See § 220.809, Fla. Stat. (1997) (emphasis added). There is only one provision in the FITC which prescribes the date for payment of taxes due and it reads in pertinent part as follows:
Every taxpayer required to file a return under this code or a notification under s. 220.23(2) shall, without assessment, notice, or demand, pay any tax due thereon to the department at the place fixed for filing ... on or before the date fixed for filing such return, determined without regard to any extension of time for filing the return, or notification, pursuant to regulations prescribed by the department.
See § 220.31(1), Fla. Stat. (1997) (emphasis added). These statutes clearly and unambiguously designate the date prescribed for payment of a tax for purposes of assessing interest as either (1) the date fixed for filing a return determined without regard to any extension of time for filing the return, or (2) the date fixed for filing a federal taxable income adjustment notification under section 220.23(2), Florida Statutes.
"In statutory construction, case law clearly requires that legislative intent be determined primarily from the language of the statute." S.R.G. Corp. v. Department of Revenue, 365 So.2d 687, 689 (Fla.1978). "Where, as in this case, the legislative intent as evidenced by a statute is plain and unambiguous, then there is no necessity for any construction or interpretation of the statute, and we need only give effect to the plain meaning of its terms." Department of Revenue v. American Tel. & Tel. Co., 431 So.2d 1025, 1028 (Fla. 1st DCA 1983) (internal citations omitted).
The Department's reading of these statutes, to authorize the assessment of interest from the due date of the original return in circumstances like those presented in the subject case, would render meaningless that portion of section 220.31(1), Florida Statutes, which states that a tax is due on or before the date fixed for filing of a notification under section 220.23(2), Florida Statutes. "[A] statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts." Acosta v. Richter, 671 So.2d 149, 153-154 (Fla.1996) (internal quotations omitted).
The Department's interpretation of these statutes to support the assessment of interest in this case also impermissibly relies on a reading of the statutes in pari materia with section 220.13(2), Florida Statutes, which merely defines taxable *505 income for purposes of the FITC. Sections 220.809 and 220.31(1), Florida Statutes, specifically cover the question at issue in this case. While section 220.13(2), Florida Statutes, could arguably be read to have some bearing on when a tax is due for purposes of assessing interest absent a more specific statement to the contrary in the FITC, it is a basic tenet of statutory construction that "a specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms." McKendry v. State, 641 So.2d 45, 46 (Fla. 1994); Hudson v. State, 711 So.2d 244, 247 (Fla. 1st DCA 1998).
Because we conclude that the Department's assessment of interest in this case was based upon an erroneous interpretation of the applicable provisions of the FITC, we reverse the order denying appellant a refund of the interest it paid under protest and remand with directions that the Department issue a refund of that interest to appellant.
BOOTH and BENTON, JJ., and SMITH, LARRY G., Senior Judge, concur.