Ms. Diane Carr Secretary, Department of Business and Professional Regulation 1940 North Monroe Street Tallahassee, Florida 32399-0750 Attention: Eric R. Hurst Assistant General Counsel
Dear Secretary Carr:
You have asked for my opinion on substantially the following questions:
1. Is the Division of Alcoholic Beverages and Tobacco prohibited by section 455.229(1), Florida Statutes, from providing copies of financial documents in response to a request for public records when those records are part of a licensing file maintained by the division?
2. Is the Division of Alcoholic Beverages and Tobacco required to produce social security numbers for inspection and copying when that information is contained in records required to be submitted to the division for licensing purposes?
Question One
The Division of Alcoholic Beverages and Tobacco is created within the Department of Business and Professional Regulation by section561.02, Florida Statutes. The division supervises the conduct, management, and operation of the manufacturing, packaging, distribution, and sale within Florida of all alcoholic beverages. The division enforces the provisions of the Beverage Law and the rules and regulations promulgated for administration of this law.[1] You have asked whether the division is subject to the provisions of Chapter 455, Florida Statutes.
Chapter 455, Florida Statutes, contains general provisions relating to the regulation of businesses and professions.[2]
Applicability of this chapter is specifically limited by section455.017, Florida Statutes:
"The provisions of this chapter apply only to the regulation by the department of professions."
"Department" is defined in section 455.01(3), Florida Statutes, as "the Department of Business and Professional Regulation." "Profession" is defined for purposes of this chapter as "any activity, occupation, profession, or vocation regulated by the department in the Divisions of Certified Public Accounting, Professions, Real Estate, and Regulation."[3] The Division of Alcoholic Beverages and Tobacco is not included within the scope of this definition.[4]
Under the provisions of section 455.229(1), Florida Statutes:
"All information required by the department of any applicant shall be a public record and shall be open to public inspection pursuant to s. 119.07, except financial information, medical information, school transcripts, examination questions, answers, papers, grades, and grading keys, which are confidential and exempt from s. 119.07(1) and shall not be discussed with or made accessible to anyone except members of the board, the department, and staff thereof, who have a bona fide need to know such information. Any information supplied to the department by any other agency which is exempt from the provisions of chapter 119 or is confidential shall remain exempt or confidential pursuant to applicable law while in the custody of the department."
Section 455.232(2), Florida Statutes, makes it a misdemeanor of the first degree for any board of the Department of Business and Professional Regulation to disclose exempt information to any person who is not entitled to such knowledge or information.
Florida's Beverage Law represents a complete scheme for the regulation and enforcement of statutes relating to the production, distribution, sale and consumption of alcoholic beverages in this state.[5] Among the statutory chapters administered by the Division of Alcoholic Beverages and Tobacco are those dealing with beverage law administration[6] and enforcement[7], beer,[8] wine,[9] liquor,[10] and the sale and possession of intoxicating liquors in counties where they are prohibited.[11] The Beverage Law contains specific licensing requirements for those dealing in alcoholic beverages which are separate and operate independently of the licensing provisions of Chapter 455, Florida Statutes. A specific statute covering a particular subject area will control over a statute covering the same and other subjects in more general terms.[12] Thus, the more detailed requirements for alcoholic beverage licensure would control over any more general provisions such as those expressed in Chapter 455, Florida Statutes.
Exemptions from the Public Records Law are to be narrowly construed and limited to their stated purpose.[13] While section455.229, Florida Statutes, provides for the confidentiality of financial information required to be submitted by an applicant to the department, an examination of the exemption appears to indicate that the exemption was intended to apply to information supplied as part of the licensure or licensure renewal process for particular divisions.[14] The Division of Alcoholic Beverages and Tobacco is not included among the divisions covered by the statute.
Thus, it is my opinion that the division is not authorized by the provisions of section 455.229, Florida Statutes, to redact from its public records information such as that made exempt from public inspection by section 455.229, Florida Statutes. Rather, in the absence of an exemption similar to that contained in section 455.229(1), Florida Statutes, which relates specifically to information obtained by the Division of Alcoholic Beverages and Tobacco, it is my opinion that this information must be made available by the division for public inspection and copying pursuant to the Public Records Law, Chapter 119, Florida Statutes.
Question Two
Your second question deals specifically with the disclosure of social security numbers that may be contained in financial documents submitted to the Division of Alcoholic Beverages and Tobacco as part of the licensing file for a beverage application. Section 119.0721, Florida Statutes, establishes an exemption for social security numbers held by an agency or its agents, employees or contractors. In setting forth the public necessity for the statute, the Legislature stated:
"[I]t is a public necessity that social security numbers held by an agency be made confidential and exempt from public disclosure because such numbers are of a sensitive personal nature and are often the link to an individual's personal, financial, medical, or familial records. The social security number is the only nationwide, unique numeric form of identification in existence in the United States. Release of a social security number is of concern due to the amount of sensitive personal information which can be acquired by its use. The disclosure of such number can provide access to private information about a person which could be used to perpetuate fraud upon that person or otherwise cause great harm to that person and his or her family. Additionally, public disclosure of the social security number constitutes an unwarranted invasion into the life and personal privacy of a person. Thus, the harm from disclosing such number outweighs any public benefit that can be derived from widespread and unregulated public access to such number. However, responsible commercial use of the social security number does not result in personal or financial harm to a person but allows more complete identity verification, thereby enhancing the mutual benefits of the commercial relationship. Accordingly, the Legislature finds that an exception to the exemption for commercial entities is warranted."[15]
Thus, the statute provides that social security numbers held by agencies or their agents, employees, or contractors are confidential and exempt from public examination and copying under the Public Records Law and Article I, section 24, Florida Constitution. The exemption applies to "all social security numbers held by an agency and its agents, employees, or contractors before, on, or after the effective date of this exemption."[16]
However, the statute recognizes an exception to this broad prohibition against the release of social security numbers. Section 119.0721(3), Florida Statutes, provides that an agency shall not deny a commercial entity engaged in the performance of a commercial activity[17] or its agents, employees, or contractors access to social security numbers, provided that this information will only be used in the normal course of business for legitimate business purposes and the commercial entity makes a verified written request for social security numbers.[18] For purposes of the statute, a legitimate business purpose "includes verification of the accuracy of personal information received by a commercial entity in the normal course of its business; use in a civil, criminal, or administrative proceeding; use for insurance purposes; use in law enforcement and investigation of crimes; use in identifying and preventing fraud; use in matching, verifying, or retrieving information; and use in research activities." The statute specifically excludes from the scope of this term "the display or bulk sale of social security numbers to the general public or the distribution of such numbers to any customer that is not identifiable by the distributor."[19]
This office has no authority to make a determination of whether the particular entity requesting this information comes within the scope of the exemption in section 119.0721(3), Florida Statutes. You have indicated that the requesting party is a financial lending institution listed on the beverage application. Prior to releasing a social security number, the division must verify that the entity requesting this information comes within the scope of the exemption as a "commercial entity engaged in the performance of a commercial activity" and that the "information will only be used in the normal course of business for legitimate business purposes" within the terms of the statute.[20]
Thus, it is my opinion that the Division of Alcoholic Beverages and Tobacco is required in limited circumstances by the provisions of the Public Records Law to release a social security number contained in documents in a licensing file maintained by the division on a beverage application when requested to do so pursuant to section 119.0721, Florida Statutes. The statute requires that the division release such information upon receipt of a verified, written request from a commercial entity engaged in the performance of a commercial activity and when the division is assured that this information will only be used in the normal course of business for legitimate business purposes.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 561.02, Fla. Stat.
[2] See Morgan v. State ex rel. Shevin, 383 So.2d 744, 745
(Fla. 4th DCA 1980), in which the court makes the observation that "Chapter 455, Florida Statutes (1977), . . . contains general provisions applicable to Administrative Boards[.]"
[3] Section 455.01(6), Fla. Stat.
[4] Section 20.165, Fla. Stat., creates the Department of Business and Professional Regulation. Pursuant to s. 20.165(2), Fla. Stat., the divisions of the department established by statute are: Division of Administration; Division of Alcoholic Beverages and Tobacco; Division of Certified Public Accounting; Division of Florida Land Sales, Condominiums, and Mobile Homes; Division of Hotels and Restaurants; Division of Pari-mutuel Wagering; Division of Professions; Division of Real Estate; Division of Regulation; and Division of Technology, Licensure, and Testing.
[5] See ss 561.02 and 561.08, Fla. Stat. And see Biddle v.State Beverage Department, 187 So.2d 65, 66 (Fla. 4th DCA 1966)cert. dismissed 194 So.2d 623 (Fla. 1966) (State beverage department was created by statute to supervise and administer virtually every phase of alcoholic beverage industry and source, limit and extent of its duties and authority are found in statute).
[6] Chapter 561, Fla. Stat.
[7] Chapter 562, Fla. Stat.
[8] Chapter 563, Fla. Stat.
[9] Chapter 564, Fla. Stat.
[10] Chapter 565, Fla. Stat.
[11] Chapter 568, Fla. Stat.
[12] McKendry v. State, 641 So.2d 45 (Fla. 1994); Gretz v.Florida Unemployment Appeals Commission, 572 So.2d 1384 (Fla. 1991) (specific statute stating no fee for transcript preparation in unemployment compensation appeals controls over general statute requiring agency to provide transcripts at actual cost);Barnett Banks, Inc. v. Department of Revenue, 738 So.2d 502 (Fla. 1st DCA 1999).
[13] See Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987) (Public Records Law is to be liberally construed in favor of open government; exemptions therefrom are to be narrowly construed and limited to their stated purpose).
[14] See Op. Att'y Gen. Fla. 96-96 (1996) (s. 455.229(1), Fla. Stat., does not exempt from Public Records Law financial information submitted by harbor pilots to Pilotage Rate Review Board in support of application for pilotage rate increase under s. 310.151, Fla. Stat.).
[15] Section 2, Ch. 02-256, Laws of Florida. And see Art. I, s.24, Fla. Const., which requires a statement of public necessity for legislation creating exemptions to the open government laws.See also s. 119.0721(7), Fla. Stat., stating:
"The Legislature acknowledges that the social security number was never intended to be used for business purposes but was intended to be used solely for the administration of the federal Social Security System. The Legislature is further aware that over time this unique numeric identifier has been used extensively for identity verification purposes and other legitimate consensual purposes. The Legislature is also cognizant of the fact that the social security number can be used as a tool to perpetuate fraud against a person and to acquire sensitive personal, financial, medical, and familial information, the release of which could cause great financial or personal harm to an individual. The Legislature intends to monitor the commercial use of social security numbers held by state agencies in order to maintain a balanced public policy."
[16] Section 119.0721(1), Fla. Stat.
[17] See s. 14.203(1)(a), Fla. Stat., defining "[c]ommercial activity" as "an activity that provides a product or service that is available from a private source."
[18] See s. 119.0721(3), Fla. Stat., setting forth the requirements of a written request for social security numbers.
[19] Id. Compare, Op. Att'y Gen. Fla. 03-23 (2003) ("legitimate business purpose" exception in s. 119.0721, Fla. Stat., does not authorize town to release social security numbers of water and sewer system customers to private company intending to sell access to other entities and individuals).
[20] See Op. Att'y Gen. Fla. 03-23 (2003) discussing the scope and application of the exemption in section 119.0721(3), Fla. Stat.