Dear Ms. Morris:
You ask substantially the following question:
Does section 1001.42(10)(i), Florida Statutes, prohibit the schoolboard from awarding a contract to a corporation in which a school boardmember is the majority shareholder when the corporation submitted thelowest or best bid under a system of sealed, competitive biddingpursuant to section 112.313(12)(b), Florida Statutes, and otherwisecomplied with all other requirements of the Florida Code of Ethics forPublic Officers and Employees?
According to your letter, a current school board member, prior to hiselection to the board, had been selling building supplies to the schoolboard pursuant to the award of sealed bids, by purchase order where bidswere not required and by direct purchase. Once that member was elected,the Florida Commission on Ethics was contacted regarding this matter.Staff for the commission responded that neither section 112.313(3) norsection 112.313(7), Florida Statutes, was violated by the award of aschool board contract to a school board member if the conditions setforth in the "competitive bidding" exemption in section 112.313(12)(b),Florida Statutes, were satisfied.[1] A question, however, has beenraised as to whether the provisions of section 1001.42(10)(i), FloridaStatutes, would prohibit the school board member's corporation frombidding on contracts with the school board notwithstanding the exemptioncontained in section 112.313, Florida Statutes.
As noted by the staff of the Commission on Ethics, section112.313(12)(d) contains an exemption from the prohibitions contained insubsections (3) and (7), regarding doing business with one's agency andwith conflicting employment or contractual relationships when thebusiness is awarded under a system of sealed, competitive bidding to thelowest or best bidder and the conditions specified therein are met. Theexemption, however, only refers to subsections 112.313(3) and(7).[2]
In setting forth the powers and duties of the district school board,section 1001.42, Florida Statutes, provides in subsection (10)(i) forcontracts for materials, supplies, and services needed for the districtschool system, stating:
"No contract for supplying these needs shall be made with any memberof the district school board, with the district school superintendent,or with any business organization in which any district school boardmember or the district school superintendent has any financial interestwhatsoever."
The statute contains no exception or exemptions to its terms and thisoffice cannot read in to the statute any such exemption.[3] Whilesection 112.313, Florida Statutes, applies to state and local entities,including school districts,[4] section 1001.42, Florida Statutes,addresses school districts only. As the more specific statute, it wouldcontrol.[5]
Accordingly, I am of the opinion that section 1001.42(10)(i), FloridaStatutes, prohibits the school board from awarding a contract to acorporation in which a school board member is the majority shareholdereven though the corporation submitted the lowest or best bid under asystem of sealed, competitive bidding pursuant to section112.313(12)(b), Florida Statutes, and otherwise has complied with allother requirements of the Florida Code of Ethics for Public Officers andEmployees.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] Letter to Beverly A. Morris, Marion County School Board from C.Christopher Anderson, III, Staff Attorney, Florida Commission on Ethics,dated October 16, 2000. The letter further states that the exemptionrequires true sealed competitive bidding, with the award going to thelowest or best bidder; requests for proposals or other methods thatdiffer from competitive bidding would render the exemptioninapplicable. And see CEO 01-1, dated January 30, 2001, stating that aprohibited conflict of interest would be created if building suppliesfor school board projects were obtained from the school board member'scorporation via "direct purchases."
[2] It should be noted that the comments of the commission staff onlyaddress the provisions of the Code of Ethics for Public Officers andEmployees, Part III, Ch. 112, Fla. Stat.
[3] See M.W. v. Davis, 756 So. 2d 90 (Fla. 2000) (when language ofstatute is clear and unambiguous and conveys a clear and definitemeaning, construction of statute must be given its plain and obviousmeaning); McLaughlin v. State, 721 So. 2d 1170 (Fla. 1998); In re Orderon Prosecution of Criminal Appeals by Tenth Judicial Circuit PublicDefender, 561 So. 2d 1130 (Fla. 1990) (best evidence of intent ofLegislature is generally plain meaning of statute).
[4] See s. 112.312(2), Fla. Stat., defining "Agency" for purposes ofPart III, Ch. 112, Fla. Stat., and Art. II, s. 8, Fla. Const., "meansany state, regional, county, local, or municipal government entity ofthis state, whether executive, judicial, or legislative; any department,division, bureau, commission, authority, or political subdivision ofthis state therein; or any public school, community college, or stateuniversity."
[5] See generally McKendry v. State, 641 So. 2d 45 (Fla. 1994);Gretz v. Florida Unemployment Appeals Commission, 572 So. 2d 1384 (Fla.1991) (specific statute stating no fee for transcript preparation inunemployment compensation appeals controls over general statuterequiring agency to provide transcripts at actual cost); Barnett Banks,Inc. v. Department of Revenue, 738 So. 2d 502 (Fla. 1st DCA1999).