Dear Ms. Parrish:
You ask substantially the following question:
May an educational institution receive an ad valorem taxation exemption pursuant to section 196.198, Florida Statutes, on improved real property which is partially leased at market rate to non-exempt commercial parties whose use is unrelated to educational purposes?
You state that a for-profit educational institution owns a parcel of land improved with a ten-story building.[1] The first two floors are leased at the market rate to various commercial parties whose activities are unrelated to education. The remaining eight floors are used for educational purposes by the institution.
Generally, section 196.192, Florida Statutes, states in pertinent part:
"Subject to the provisions of this chapter:
(1) All property owned by an exempt entity and used exclusively for exempt purposes shall be totally exempt from ad valorem taxation.
(2) All property owned by an exempt entity and used predominantly for exempt purposes shall be exempted from ad valorem taxation to the extent of the ratio that such predominant use bears to the nonexempt use.
* * * *
For purposes of this section, each use to which the property is being put must be considered in granting an exemption from ad valorem taxation, including any
economic use in addition to any physical use. This section shall not apply in determining the exemption for property owned by governmental units pursuant to s. 196.199."
Relative to educational institutions, however, section 196.198, Florida Statutes, provides:
"Educational institutions within this state and their property used by them or by any other exempt entity or educational institutionexclusively for educational purposes shall be exempt from taxation. . . ." (e.s.)
You have cited Walden v. University of South FloridaFoundation,[2] as addressing the issue in general, but under dissimilar facts. In Walden, the Second District Court of Appeal reviewed the lower court's determination that a five-acre orange grove producing income for the foundation and included in a thirty-acre tract owned by the foundation should be severed and taxed separately as it was not used for educational purposes. Citing the provision in section196.192(2), Florida Statutes, stating that property used predominantly for exempt purposes shall be exempted from ad valorem taxation to the extent of the ratio of the predominant use to the nonexempt use, the appellate court concluded that the trial court should have made a determination of such ratio and applied it accordingly.
Notably, at the time of the Walden decision, section 196.192, Florida Statutes, did not contain the qualifying language "[s]ubject to the provisions of this chapter."[3] This language was added in 1988.[4]
The addition of this language would appear to make application of the general provisions in section 196.192, Florida Statutes, subject to the more specific exemption for educational property set forth in section196.198, Florida Statutes.[5]
The plain language of section 196.198, Florida Statutes, exempts from taxation property used exclusively for educational purposes. The absence of language allowing a prorated exemption for property owned by the educational institution, but partially used for non-educational purposes, is significant in that other sections of Chapter 196 recognize that for specified exempt property, any portion of the property used for nonexempt purposes may be valued and placed on the tax rolls separately.[6]
For example, section 196.1983, Florida Statutes, providing an exemption for charter schools from ad valorem taxation, states that "[a]ny facility, or portion thereof, used to house a charter school whose charter has been approved by the sponsor and the governing board pursuant to s. 1002.33(7) shall be exempt from ad valorem taxes." (e.s.) Section 196.1975, Florida Statutes, allows an exemption for property used by non-profit homes for the aged when they meet specified criteria. The statute states, however, that "[a]ny portion of such property used for nonexempt purposes may be valued and placed upon the tax rolls separately from any portion entitled to exemption pursuant to this chapter."[7] Thus, the Legislature has provided exemptions from ad valorem taxation for specified property and, in some instances, recognized that portions of the property used for nonexempt purposes may be valued and placed upon the tax rolls separately from the property entitled to the exemption.
It is well established that tax exemptions are "strictly construed and carefully scrutinized."[8] Exemptions, therefore, must be clear and definite and may not be based on implication or be enlarged by construction. Nothing in section 196.198, Florida Statutes, which totally exempts property used exclusively for education, authorizes the separate valuation and taxation of portions of the property used for nonexempt purposes.
In Attorney General Opinion 93-72 this office concluded that real property owned by a private organization operating a commercial truck driving school was exempt from taxation pursuant to section 196.198, Florida Statutes, only if it was used solely for educational purposes. The opinion cited to the language in section 196.198, Florida Statutes, that property used by educational institutions be "exclusively for educational purposes" in order to be exempt from taxation and recognized that the property appraiser must make the factual determination of exclusive use to apply the exemption.
Accordingly, it is my opinion that an educational institution may receive an ad valorem taxation exemption pursuant to section 196.198, Florida Statutes, only on property that is used exclusively for educational purposes. Improved real property owned by an educational institution which is partially leased at market rate to non-exempt commercial parties whose use is unrelated to educational purposes would not fall within this exemption.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] For purposes of this opinion, it is assumed that you have made a determination that the for-profit educational entity qualifies as an exempt educational entity pursuant to Chapter 196, Florida Statutes.
[2] 328 So. 2d 460 (Fla. 2d DCA 1976), cert. denied 336 So. 2d 605
(Fla. 1976).
[3] See s. 196.192, Fla. Stat. (1975).
[4] See s. 2, Ch. 88-102, Laws of Fla.
[5] See generally McKendry v. State, 641 So. 2d 45 (Fla. 1994);Gretz v. Florida Unemployment Appeals Commission, 572 So. 2d 1384 (Fla. 1991) (specific statute stating no fee for transcript preparation in unemployment compensation appeals controls over general statute requiring agency to provide transcripts at actual cost); Barnett Banks,Inc. v. Department of Revenue, 738 So. 2d 502 (Fla. 1st DCA 1999).
[6] See ss. 196.1977(3), Fla. Stat. (portion of property in proprietary continuing care facility used for nonexempt purpose valued and taxed separately); 196.1985 (portion of labor organization property used for nonexempt purposes valued and placed upon tax rolls separately from any portion entitled to exemption); 196.1986 (portion of community center property used for nonexempt purposes valued and placed upon tax roll separately); and 196.1987 (portion of biblical history display property used for nonexempt purposes may be valued and placed upon tax roll separately).
[7] Section 196.1975(11), Fla. Stat.
[8] Genesee Corporation v. Owens, 20 So. 2d 654, 656 (Fla. 1945).See also Op. Att'y Gen. Fla. 88-60; Adams Construction Equipment Co. v.Hausman, 472 So. 2d 467 (Fla. 5th DCA, 1985); Jones v. Life Care ofBaptist Hospital, Inc., 476 So. 2d 726 (Fla. 1st DCA, 1985).