SHIVERS, Judge.
The Unemployment Appeals Commission (Commission) appeals a final order of the Hearing Officer determining Rules 38E-3.-003(2)(b) and 38E-3.009(3), Florida Administrative Code, to be invalid. We reverse and certify a question to the supreme court.
The appellee in this case, Rica Gretz, is an indigent who appealed the denial of her claim for unemployment compensation benefits to the Second District in 1986. Several days after filing the appeal, Gretz received a letter from the Commission advising her of the requirement of Rule 38E-3.-009(3) that she designate the portions of the tape recorded administrative hearing she wished to have transcribed, and explaining that this requirement could be met by either of two means: (1) by requesting duplicates of the tapes used by the Commission to record the hearing, at $10.00 per tape, for transcription by a court reporter, or (2) by requesting transcription of the tapes by the Commission at $1.75 per page. The letter also advised Gretz that a copy of *1026 the index of the record on appeal would be furnished at no cost, and that the entire record would be available at a duplication cost of 25 cents per page.
On December 29, 1986, Gretz filed a petition to determine the validity of Rules 38E-3.009(3) and 38E-3.003(2)(b),[1] claiming that by authorizing the Commission to charge for duplication of the record and for duplication of the tape recordings or transcription of the hearing, the rules conflicted with the provision of section 443.041(2)(a), Florida Statutes (1985), prohibiting an indigent claiming unemployment benefits from being charged “fees of any kind in any proceeding under [Chapter 443] by the commission or division or their representatives. ...” In a final order dated February 26, 1987, the Hearing Officer found the portion of Rule 38E-3.009(3) authorizing the Commission to charge a claimant for a transcript and the portion of Rule 38E-3.-003(2)(b) authorizing the Commission to charge a claimant for duplication of that part of the record not previously furnished, to be invalid.[2] The Commission appeals the Hearing Officer’s final order, arguing primarily that since it is not required to prepare transcripts of administrative proceedings or to copy documents and records, the charge for these actions is not a “fee” prohibited by section 443.041(2)(a).
We reverse on the basis of the Third District’s holding in Roberts v. Unemployment Appeals Commission, 512 So.2d 212 (Fla. 3d DCA 1987), that there is no statute or rule requiring the Commission to prepare transcripts for indigent claimants appealing the denial of unemployment compensation benefits and, thus, no requirement that they be furnished without cost under section 443.041(2)(a), Florida Statutes (1983). See also Martinez v. Unemployment Appeals Commission (Fla. 3d DCA 1987), opinion filed November 24,1987 [12 F.L.W. 2679], following Roberts. We note that the Hearing Officer was without the benefit of the holdings in Roberts and Martinez at the time the final order was entered.
As in Roberts and Martinez, we deem the issue presented in this case to be of great public importance and therefore certify the question framed in Banfield v. United States Sugar Corp., 506 So.2d 461 (Fla. 4th DCA 1987), to the Florida Supreme Court:[3]
WHETHER A CLAIMANT IN AN UNEMPLOYMENT COMPENSATION CASE MAY BE CHARGED A FEE BY THE UNEMPLOYMENT APPEALS COMMISSION FOR THE PROVISION OF A TRANSCRIPT OF THE AGENCY HEARING.
*1027 As in Harris v. Department of Corrections, 486 So.2d 27 (Fla. 1st DCA 1986), appellee is directed to promptly proceed in accordance with Rule 38E-3.009, Florida Administrative Code, if she desires to continue her appeal.
ZEHMER, J., and PEARSON, TILLMAN (Ret.), Assoc. Judge, concur.

.Rule 38E-3.009(3) provides as follows:
Within 10 days of filing of the notice, the appellant shall designate those portions of the proceedings for transcription and inclusion in the record. Within 20 days of filing of the notice, the appellee may designate additional portions of the proceedings. Copies of designations shall be served on the Clerk of the Commission along with a request that the Clerk provide a duplicate of the tape recorded record of the proceedings for transcription by a court reporter. Within 30 days of a designation, the designating party shall insure that the court reporter shall transcribe and deliver to the Clerk of the Commission the designated proceedings. In the alternative, the designating party may request that the Clerk of the Commission arrange transcription of the designated proceedings by the clerk’s staff or other qualified person. The Clerk shall charge no more than actual costs for duplication of the tape recording of the proceedings or transcription of the proceedings. Costs shall be borne initially by the designating party, subject to taxation of costs as prescribed by Florida Rule of Appellate Procedure 9.400.
Rule 38E-3.003(2) provides, in pertinent part:
(a) Copies of the record or portions thereof may be obtained by parties or their representatives upon written request.
(b) Parties shall be required to pay a duplication charge not in excess of actual cost.

. The portion of Rule 38E-3.009(3) permitting the Commission to charge for a duplicate tape recording was found not to be invalid, on the basis that obtaining a tape recording is not necessary to the prosecution of a claim, given the availability of a transcript.

. See also Smith v. Department of Health and Rehabilitative Services, 504 So.2d 801 (Fla. 2d DCA 1987); Kelly v. Department of Health and Rehabilitative Services, 502 So.2d 42 (Fla. 1st DCA 1987); and Curran v. Florida Probation and Parole Commission, 498 So.2d 629 (Fla. 1st DCA 1986), all certifying similar questions to the supreme court.