572 So.2d 1384 (1991)
Rica GRETZ, Petitioner,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Respondent.
No. 72137.
Supreme Court of Florida.
January 3, 1991.
*1385 Suzanne Harris, Florida Rural Legal Services, Inc., Bartow, for petitioner.
John D. Maher, Tallahassee, for respondent.
EHRLICH, Justice.
The First District Court of Appeal certified the following question as being of great public importance:
WHETHER A CLAIMANT IN AN UNEMPLOYMENT COMPENSATION CASE MAY BE CHARGED A FEE BY THE UNEMPLOYMENT APPEALS COMMISSION FOR THE PROVISION OF A TRANSCRIPT OF THE AGENCY HEARING.
Florida Unemployment Appeals Comm'n v. Gretz, 519 So.2d 1025, 1026 (Fla. 1st DCA 1988).[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Rica Gretz applied for unemployment benefits after being fired from her job. She sought judicial review of the denial of those benefits. On December 18, 1986, she was informed by the Unemployment Appeals Commission that pursuant to the then newly promulgated rules 38E-3.009(3) and 38E-3.003(2), Florida Administrative Code, she would be required to pay for a copy of the transcript and record in her appeal. The charges would be: (1) $1.75 per page of the transcript or $10.00 per cassette for a copy of the tape-recorded hearing; and (2) $.25 per page for copies of the record. The trier of fact found that Ms. Gretz could not afford to pay for the transcript or copies of the record, and the First District Court of Appeal noted that she is "indigent." Ms. Gretz filed a rules challenge pursuant to section 120.56, Florida Statutes (1985), arguing that the above-cited rules conflicted impermissibly with section 443.041(2)(a), Florida Statutes (1985).
The hearing officer upheld Ms. Gretz' rules challenge, and declared the rules invalid insofar as they attempted to charge fees for the transcript and for copies of portions of the record not previously furnished to a claimant. On appeal, the First District Court reversed the hearing officer's final order and certified the question to this Court. For the reasons below, we quash the decision of the district court.
Section 443.041(2)(a) provides in relevant part: "No individual claiming benefits shall be charged fees of any kind in any proceeding under this chapter by the commission or division or their representatives, or by any court or any officer thereof, except as hereinafter provided." The commission argues that this statute only prohibits charging a fee for services the commission is required to perform, and is silent with respect to recovery of costs for performing other functions. Therefore, section 443.041(2)(a) does not prohibit charging for preparation of the transcript because, the commission argues, there is no requirement that the commission provide a transcript. We disagree.
*1386 In drafting section 443.041(2)(a), the legislature used very broad language, prohibiting the charging of "fees of any kind," and did not distinguish between fees charged for services the commission is required to perform, and those it performs voluntarily. Therefore, it is irrelevant whether there is any statutory or other requirement that the commission provide a transcript or a copy of the record. We interpret section 443.041(2)(a) as prohibiting charging claimants for the provision of a transcript or copy of the record of the agency hearing in their cases.
However, even if the statute made such a distinction, there is a statutory requirement that the commission provide a transcript upon request of a party. Section 120.57(1)(b)(6), Florida Statutes (1985) (renumbered as section 120.57(1)(b)(7), Florida Statutes (1987)), provides in relevant part: "The agency shall accurately and completely preserve all testimony in the proceeding, and, on the request of any party, it shall make a full or partial transcript available at no more than actual cost." The commission cites Roberts v. Unemployment Appeals Commission, 512 So.2d 212 (Fla. 3d DCA 1987), and Smith v. Department of Health & Rehabilitative Services, 504 So.2d 801 (Fla. 2d DCA 1987), quashed, 573 So.2d 320 (Fla. 1991), for the proposition that section 120.57(1)(b) only requires that the agency preserve "testimony" and make it available at no more than actual cost. However, such an interpretation ignores the plain meaning of the statute. The wording of section 120.57(1)(b) distinguishes between "testimony," which is an oral statement under oath, and "transcript," which is a written or printed copy of everything that was said at a hearing or trial. See Black's Law Dictionary 1324, 1342 (5th ed. 1979). The interpretation urged by the commission would read the word "transcript" out of the statute. Statutes should be construed to give each word effect. See Atlantic Coast Line R.R. v. Boyd, 102 So.2d 709, 712 (Fla. 1958) ("We are obligated to give meaning to all words chosen by the legislature."). Therefore, we construe section 120.57(1)(b) as requiring that upon request of a party, an agency must provide a transcript at no more than actual cost.
However, the words "at no more than actual cost" do not authorize the charging of a fee for preparation of a transcript in all circumstances. Section 120.57(1)(b) is a general statute dealing with appeals from administrative proceedings. It sets a ceiling beyond which no agency may charge for preparation of a transcript. Where a more specific statute sets a fee for preparation of a transcript that is within that ceiling, the more specific statute controls. See Adams v. Culver, 111 So.2d 665, 667 (Fla. 1959) (specific statute controls general statute covering same subject). In this case, section 443.041, the specific statute that controls unemployment compensation appeals, states that "no fee" shall be charged. Because section 443.041 does not set a charge for preparation of a transcript that is above the ceiling set by section 120.57(1)(b), it controls, and the commission may not charge for preparation of a transcript.
Lastly, we note that this interpretation of section 443.041 promotes the legislative intent behind chapter 443 to "lighten [the] burden [of unemployment] which now so often falls with crushing force upon the unemployed worker and his family." § 443.021, Fla. Stat. (1985). Rather than lightening the burden upon the unemployed, charging a fee for preparation of the transcript and a copy of the record would create an almost insurmountable barrier to pursuing judicial review of the denial of unemployment compensation. It is illogical to assume that the legislature prohibited charging the claimant for some fees in order to facilitate their ability to obtain judicial review, but intended to allow charging of a fee that would essentially prevent the claimant from pursuing that review.
We therefore answer the certified question in the negative and hold that rules *1387 38E-3.009(3) and 38E-3.003(2), Florida Administrative Code, are invalid to the extent they provide for claimants to be charged for preparation of a transcript and a copy of the record for appeal of unemployment compensation claims, because they conflict with section 443.041(2)(a), Florida Statutes (1985). We quash the decision of the district court below, and remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents.
NOTES
[1] Although the question certified by the district court only refers to charging a fee for provision of a transcript, we also address Ms. Gretz' challenge to the charging of a fee for a copy of the record.