595 So.2d 42 (1992)
FLORIDA ASSOCIATION OF COUNTIES, INC., etc., et al., Petitioners,
v.
DEPARTMENT OF ADMINISTRATION, DIVISION OF RETIREMENT, etc., et al., Respondents.
No. 77850.
Supreme Court of Florida.
March 5, 1992.
Tom R. Moore of Roberts & Egan, P.A., Tallahassee, for petitioners Individual Taxpayers and Fla. Ass'n of Counties, Inc.
Kraig Conn, Asst. Gen. Counsel, Tallahassee, for petitioner Florida League of Cities, Inc.
Patricia A. Dore, Sp. Counsel, Tallahassee, for petitioner Fla. Ass'n of Counties, Inc.
Robert A. Butterworth, Atty. Gen., and George L. Waas and Louis F. Hubener, Asst. Attys. Gen., Tallahassee, for respondent Dept. of Admin., Div. of Retirement.
Richard A. Sicking, Miami, for respondent Fla. Professional Firefighters.
Kelly Overstreet Johnson and David K. Miller, Broad and Cassel, Tallahassee, for respondent Fla. Police Benevolent Ass'n.
OVERTON, Justice.
This is a petition to review Florida Association of Counties v. Department of Administration, Division of Retirement, 580 So.2d 641 (Fla. 1st DCA 1991), wherein the district court upheld the constitutionality of chapter 88-238, Laws of Florida, which provided increased retirement benefits for special risk members of the Florida Retirement System. In upholding the statute, the district court construed article X, section *43 14, of the Florida Constitution, which provides:
A governmental unit responsible for any retirement or pension system ... shall not ... provide any increase in the benefits to the members or beneficiaries of such system unless such unit has made or concurrently makes provision for the funding of the increase in benefits on a sound actuarial basis.
(Emphasis added.) We have jurisdiction pursuant to article V, section 3(b)(3), of the Florida Constitution and approve the decision of the district court.
In 1988, the legislature passed chapter 88-238, Laws of Florida, which funded increases in the retirement benefits of special risk members (firefighters and law enforcement officers) of the Florida Retirement System. The Florida Association of Counties, the Florida League of Cities, and others sought a declaration that chapter 88-238 was unconstitutional as an improper exercise of the state's taxing and spending power under article X, section 14. The petitioners assert that the statute changed the manner in which the cost of the increased benefits to special risk members would be borne by the taxpayers of this state. Chapter 88-238 provided for the increased benefits in five steps, commencing January 1, 1989, and required that public employers make increased contributions for each of the corresponding increases in benefits.[1]
The issue in this proceeding is whether the legislature may constitutionally enact a law providing for five consecutive annual retirement benefit increases and requiring the governmental unit responsible to fund each increase in the year in which it is implemented.[2] The petitioners agree that the maximum increase in benefits, reached at the end of the five-year period, could have been properly accomplished by a one-step increase in the first year. The petitioners acknowledge that both methods of funding the retirement benefit increases would be fiscally sound.
Petitioners submit that the issue of single- versus multi-step increases in retirement contributions and benefits is more than a question of legislative form over substance. They argue that the "sound actuarial basis" requirement in article X, section 14, makes the question of single-versus multi-step increases a constitutional issue. The petitioners argue that, should the legislature desire to reach the three percent level of benefits in an incremental fashion, article X, section 14, requires that the legislature enact five consecutive laws, each providing for a single-step increase in contributions and benefits for that particular year. They conclude that accomplishing this purpose in an incremental manner in one law violates article X, section 14.
First, we have never addressed the meaning of the phrase "sound actuarial basis," as contained in article X, section 14. We agree with the trial court and district court of appeal that "sound actuarial basis" means that "`a retirement program must be funded in such a way that the retirement fund is able to meet its continuing *44 obligations as and when they mature.'" Florida Ass'n of Counties, 580 So.2d at 644. We find that the district court made a proper and thorough analysis of the issues and reached a proper resolution of the issues. We find it appropriate to approve the opinion of the district court and adopt it as the opinion of this Court.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] The pertinent portion of chapter 88-238, section 1, Laws of Florida, reads as follows:

Effective January 1, 1989, each employer shall contribute 13.62 percent of gross compensation each pay period for each of its regular members and 17.19 percent of gross compensation each pay period for each of its special risk members. Effective January 1, 1990, each employer shall contribute 18.79 percent of gross compensation each pay period for each of its special risk members. Effective January 1, 1991, each employer shall contribute 20.39 percent of gross compensation each pay period for each of its special risk members. Effective January 1, 1992, each employer shall contribute 21.99 percent of gross compensation each pay period for each of its special risk members. Effective January 1, 1993, each employer shall contribute 23.59 percent of gross compensation each pay period for each of its special risk members.
(Underscore and overstrike omitted.)
[2] The increases in contributions and benefits under chapter 88-238 are as follows:

 % Increase in % Increase in
Period Contributions Benefits
1989 1.6 2.2
1990 3.2 2.4
1991 4.8 2.6
1992 6.4 2.8
1993+ 8.0 3.0

Florida Ass'n of Counties, 580 So.2d at 643 (footnotes omitted).