Ms. Karen O. Gaffney Hernando County School Board Attorney 221 West Main Street, Suite D Inverness, Florida 34450 Mr. Garth C. Coller Hernando County Attorney Hernando County Government Complex 20 North Main Street, Room 462 Brooksville, Florida 34601
Dear Ms. Gaffney and Mr. Coller:
On behalf of the School Board of Hernando County and the Hernando County Board of County Commissioners, you have asked for my opinion on substantially the following question:
Is the Hernando County School Board required to comply with Hernando County land development ordinances relating to such matters as zoning and landscaping that implement the county's comprehensive plan?
According to your letter, county staff has advised school board staff that plans for new schools are subject to review for compliance with zoning and landscape ordinances and other land development regulations that implement the county's comprehensive plan. Although the district school board has indicated a desire to cooperate with the county's established development review process, the board believes that it is not required to comply with county ordinances based on its reading of section1013.371(1)(a), Florida Statutes.
Section 1013.37, Florida Statutes, provides a state uniform building code for public educational facilities construction. Pursuant to the statute:
"A uniform statewide building code for the planning and construction of public educational and ancillary plants by district school boards and community college district boards of trustees shall be adopted by the Florida Building Commission within the Florida Building Code, pursuant to s. 553.73."
The Florida Building Code and the Florida Fire Prevention Code have been designated as the state uniform building codes for public educational facilities construction.[1] Section 1013.371(1)(a), Florida Statutes, requires that all educational facilities constructed by a school board are required to incorporate these codes and shall be "exempt from all other state building codes; county, municipal, or other local amendments to the Florida Building Code and local amendments to the Florida Fire Prevention Code; building permits, and assessments of fees for building permits, except as provided in s. 553.80; ordinances; road closures; and impact fees or service availability fees." This language was originally adopted in 1977 by Chapter 77-458, Laws of Florida,[2] subsequent to the adoption of the Local Government Comprehensive Planning and Land Development Regulation Act in 1975 and would prevail over any inconsistencies that might exist under sections 163.3161 — 163.3217, Florida Statutes, or a local land-use plan adopted thereunder.[3] Therefore, it is assumed for purposes of this opinion that the county's land-use ordinances do not apply to or regulate the same subject matter as the Florida Building Code and the Florida Fire Prevention Code.
Section 163.3161(5), Florida Statutes, however, sets forth the Legislature's intent that "adopted comprehensive plans shall have the legal status set out in this act and that no public or private development shall be permitted except in conformity withcomprehensive plans, or elements or portions thereof, preparedand adopted in conformity with this act." (e.s.) Similarly, section 163.3194(1)(a), Florida Statutes, provides that, after a comprehensive plan or plan elements have been adopted "all development undertaken by, and all actions taken in regard to development orders by, governmental agencies" regarding land covered by the plan must be consistent with the plan. The definition of "governmental agency" for purposes of the Local Government Comprehensive Planning and Land Development Regulation Act includes "[a]ny school board or other special district, authority, or governmental entity."[4]
When a statute contains a definition of a word or phrase, that meaning controls and must be ascribed to the word or phrase whenever repeated in the statute, unless a contrary intent clearly appears.[5] Thus, as prescribed by section 163.3194(1), Florida Statutes, all development undertaken by, and all action taken regarding development orders by, school boards or school districts regarding land covered by the comprehensive plan or elements of the plan must be consistent with the plan or element.
The language of the statute is clear and unambiguous and indicates the Legislature's intent that school boards may be included within a local government's comprehensive plan. Section163.3177(7)(e), Florida Statutes, provides that the land-use plan may include
"[a] public buildings and related facilities element showing locations and arrangements of . . . public schools, hospitals, libraries, police and fire stations, and other public buildings. This plan element should show particularly how it is proposed to effect coordination with governmental units, such as school boards or hospital authorities, having public development and service responsibilities, capabilities, and potential but not having land development regulatory authority. This element mayinclude plans for architecture and landscape treatment of theirgrounds." (e.s.)
When the intent of the Legislature, as evidenced by the statute, is plain and unambiguous, there is no necessity to resort to statutory construction or interpretation, and effect need only be given to the plain meaning of its terms.[6]
While section 1013.371, Florida Statutes, expressly exempts educational facilities constructed by a school board from any county amendments to the Florida Building Code and Florida Fire Prevention Code; building permits and the fees for those permits; and ordinances, no provision generally exempts school boards from the provisions of the Local Government Comprehensive Planning and Land Development Regulation Act, sections 163.3161—163.3217, Florida Statutes. Rather, the Legislature has made it clear that school districts and school boards are subject to local land development regulations enacted to implement local comprehensive land use planning and development.
Therefore, it is my opinion that development on property owned by a district school board that is situated within the county must comply with the county's comprehensive land-use plan adopted pursuant to the Florida Local Government Comprehensive Planning Act and ordinances adopted to implement the plan, provided that the local land-use plan or the development permits required thereunder do not relate to or regulate the same subject as the Florida Building Code and Florida Fire Prevention Code.[7]
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 1013.371(1)(a), Fla. Stat.
[2] As amended by s. 15, Ch. 77-458, Laws of Fla., s. 235.26(1), Fla. Stat., was created to read:
"All educational facilities constructed by a board shall incorporate the State Uniform Building Code for Public Educational Facilities Construction, and shall be exempt from all state, county, district, municipal, or local building codes, interpretations, building permits and assessments of fees for building permits, and ordinances."
[3] Cf., Askew v. Schuster, 331 So.2d 297 (Fla. 1976); FloridaAssociation of Counties, Inc., v. Department of Administration,Division of Retirement, 580 So.2d 641 (Fla. 1st DCA 1991),approved, 595 So.2d 42 (Fla. 1992) (last expression of Legislature will prevail in cases of conflicting statutes). Andsee s. 1013.37(5), Fla. Stat., which prohibits special acts or general laws of local application which propose to amend, alter, or contravene provisions of the State Building Code adopted pursuant to s. 1013.37, Fla. Stat.
[4] Section 163.3164(10)(d), Fla. Stat.
[5] Racetrac Petroleum, Inc. v. Delco Oil, Inc., 721 So.2d 376
(Fla. 5th DCA 1998); Richard Bertram Co. v. Green, 132 So.2d 24
(Fla. 3rd DCA 1961); Vocelle v. Knight Brothers Paper Co., Inc.,118 So.2d 664 (Fla. 1st DCA 1960); Ops. Att'y Gen. Fla. 85-98 (1985), 85-9 (1985), and 83-22 (1983).
[6] M.W. v. Davis, 756 So.2d 90 (Fla. 2000), State v. Egan,287 So.2d 1 (Fla. 1973). See also Reino v. State, 352 So.2d 853 (Fla. 1977); Ross v. Gore, 48 So.2d 412 (Fla. 1950) (when language of statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory construction, and the statute must be given its plain and obvious meaning).
[7] See Ops. Att'y Gen. Fla. 79-37 (1979) and 89-31 (1989) (development on real property owned by district school board must comply with municipality's comprehensive land-use plan, provided plan or development permits do not relate to or regulate same subject as State Uniform Building Code for Public Educational Facilities Construction).