Mr. Andrew J. Salzman Attorney for the East Lake Tarpon Special Fire Control District Post Office Box 15309 Clearwater, Florida 33766
Dear Mr. Salzman:
On behalf of the Board of Commissioners of the East Lake Tarpon Special Fire Control District, you ask substantially the following question:
If a vacancy occurs on the Board of Commissioners of the East Lake Tarpon Special Fire Control District, do the remaining members of the board fill the vacancy with a qualified person who serves for the remainder of the unexpired term or until the next general election?
The East Lake Tarpon Special Fire Control District was created by special act of the Legislature as an independent special district located in Pinellas County for the purpose of providing fire prevention pursuant to Chapter 191, Florida Statutes, and sections 12 and 13 of the special act.[1] The district is governed by a five-member board of commissioners.[2] Commissioners serve a four-year term and are elected by majority vote of the qualified electors of the district voting at a general election.[3] "Elector" is defined in the special act to mean "a person who is a resident of the District and is qualified to vote in a general election in Pinellas County."[4] District elections and referenda are to be held in accordance with Chapter 191, Florida Statutes.[5]
Section 6(4), Chapter 00-477, Laws of Florida, provides:
"If a vacancy occurs on the Board due to the resignation, death, or removal of a commissioner, or the failure of anyone to qualify for a Board seat, the remaining members may appoint a qualified person to fill the seat until the next general election, at which time an election shall be held to fill the vacancy for the remaining term, if any. The Board shall remove any member who has three consecutive, unexcused absences from regularly scheduled meetings. The Board shall adopt policies by resolution defining excused and unexcused absences."
The language contained in the district's enabling legislation is similar to that contained in section 191.005, Florida Statutes.[6]
You refer to section 189.4051, Florida Statutes, which provides that if a vacancy occurs in a seat occupied by a governing board member elected by the qualified electors, the remaining members of the governing board shall, within 45 days of the vacancy occurring, appoint a person who serves for the remainder of the unexpired term.[7] Section 189.4051, however, addresses special requirements and procedures for districts with governing boards elected on a one-acre/one-vote basis.[8] It provides for the composition of the governing board with some members to be elected in "accordance with the one-acre/one-vote principle contained within s. 298.11 or the district-enabling legislation" and some elected by the qualified electors depending upon the percentage of urban area within the district, as determined by the procedures prescribed therein.[9] As noted above, commissioners are elected by qualified electors of the district; the district's enabling legislation does not provide for the election of its commissioners on a one-acre/one-vote basis.
Chapter 191, Florida Statutes, specifically addresses independent fire control districts. Both the provisions of Chapter 191, adopted in 1997,[10] and the enabling legislation for the East Lake Tarpon Special Fire Control District, adopted in 2000, provide for vacancies on the board of commissioners to be filled by the remaining members of the board until the next general election. Even if there were a conflict between section189.4051, Florida Statutes, adopted in 1989,[11] and section 191.005, Florida Statutes (and the district's enabling legislation), the provisions of section 191.005 and the district's enabling legislation, as the more specific and later in time, would control.[12]
Accordingly, I am of the opinion that if a vacancy occurs on the Board of Commissioners of the East Lake Tarpon Special Fire Control District, the remaining members of the board fill the vacancy with a qualified person who serves until the next general election.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See s. 3, Ch. 00-477, Laws of Fla.
[2] Section 5(1), Ch. 00-477, Laws of Fla.
[3] Section 6(2), Ch. 00-477, Laws of Fla.
[4] Section 2(3), Ch. 00-477, Laws of Fla.
[5] Section 6(1), Ch. 00-477, Laws of Fla.
[6] See s. 191.005(5), Fla. Stat., which provides:
"If a vacancy occurs on the board due to the resignation, death, or removal of a board member or the failure of anyone to qualify for a board seat, the remaining members may appoint a qualified person to fill the seat until the next general election, at which time an election shall be held to fill the vacancy for the remaining term, if any. The board shall remove any member who has three consecutive, unexcused absences from regularly scheduled meetings. The board shall adopt policies by resolution defining excused and unexcused absences."
[7] See s. 189.4051(3)(b)6., Fla. Stat.
[8] See s. 189.4051(5), Fla. Stat., providing an exemption for certain single-purpose water control districts and stating that "[a]ll other independent special districts with governing boards elected on a one-acre/one-vote basis shall be subject to the provisions of this section"; and Heading to s. 189.4051 entitled: Elections; special requirements and procedures for districts with governing boards elected on a one-acre/one-vote basis. Cf. Berger v. Jackson, 23 So.2d 265 (Fla. 1945) (heading of section when provided by Legislature is not to be classed with words or titles used by compilers of statutes as sort of index to what section refers or is about but must be given due weight and effect by the courts); Ops. Att'y Gen. Fla. 91-100 (1991) (section heading or subtitle utilized by the Legislature may be considered in determining the intention of the Legislature); 83-65 (1983) (language in body of statute is consistent with the expressed intent of the title of the act and the section heading or title furnished by the Legislature).
[9] See s. 189.4051(3)(a)1., Fla. Stat., providing:
"Members of the governing board of the district shall be elected in accordance with the following determinations of urban area:
a. If urban areas constitute 25 percent or less of the district, one governing board member shall be elected by the qualified electors and four governing board members shall be elected in accordance with the one-acre/one-vote principle contained within s. 298.11 or the district-enabling legislation.
b. If urban areas constitute 26 percent to 50 percent of the district, two governing board members shall be elected by the qualified electors and three governing board members shall be elected in accordance with the one-acre/one-vote principle contained within s. 298.11 or the district-enabling legislation.
c. If urban areas constitute 51 percent to 70 percent of the district, three governing board members shall be elected by the qualified electors and two governing board members shall be elected in accordance with the one-acre/one-vote principle contained within s. 298.11 or the district-enabling legislation.
d. If urban areas constitute 71 percent to 90 percent of the district, four governing board members shall be elected by the qualified electors and one governing board member shall be elected in accordance with the one-acre/one-vote principle contained within s. 298.11 or the district-enabling legislation.
e. If urban areas constitute 91 percent or more of the district, all governing board members shall be elected by the qualified electors."
[10] See s. 5, Ch. 97-256, Laws of Fla.
[11] See s. 13, Ch. 89-169, Laws of Fla.
[12] McKendry v. State, 641 So.2d 45 (Fla. 1994) (specific statute covering a particular subject area will control over a statute covering the same and other subjects in more general terms); Rowe v. PinellasSports Authority, 461 So.2d 72 (Fla. 1984) (when a special act and a general law conflict, the special act will prevail); Florida Associationof Counties, Inc. v. Department of Administration, Division ofRetirement, 580 So.2d 641 (Fla. 1st DCA 1991), approved, 595 So.2d 42
(Fla. 1992) (general rule is that in cases of conflicting statutory provisions, latter expression will prevail over former).