Dear Mayor Gaul:
On behalf of the Melbourne Village Town Commission, you ask substantially the following questions:
1) Would the ad valorem taxes formerly imposed by a municipal service taxing unit for fire protection within the town constitute an increase in operating revenue for purposes of Chapter 74-430, Laws of Florida, as amended by Chapter 85-381, Laws of Florida, if such taxes were now imposed by the town since the municipal service taxing unit is no longer providing fire protection only within the town and the town is contemplating signing a contract with the county to provide such services?
2) Do the provisions of section 200.151, Florida Statutes, permit increasing the ad valorem rate of the town to recoup the cost of the service without violating the limitations imposed by Chapter 74-430,supra, as amended?
3) If Question One or Two is answered in the affirmative, must the town re-advertise and reconvene the first public hearing?
According to your letter, Brevard County in 1983 created a municipal service taxing unit (MSTU) to provide fire protection within the county. Such services were funded by ad valorem taxes imposed by the county within the MSTU.[1] In November 1989, the electorate approved by referendum the inclusion of all property within the MSTU.[2] In February 2006, however, the county apparently amended the municipal service taxing unit to include only the unincorporated areas of the county. The town is apparently considering entering into a contract with the county to provide fire protection services within the incorporated boundaries of the town.
Question One
Chapter 74-430, Laws of Florida, provides that if the ad valorem tax revenues for a proposed budget of a governmental unit within Brevard County for operating expenses exceed by ten percent the ad valorem tax revenues for operating funds of the preceding year, exclusive of the revenues to be raised from new construction and improvements not appearing on the previous year's assessment roll, then the governmental unit must seek the approval of the voters for such an increase.[3]
Initially, I would note that the statutes authorize a county, not a municipality, to create a municipal service taxing unit and to levy additional taxes up to 10 mills within such municipal service taxing unit as authorized by the Florida Constitution.[4] If the county's municipal service taxing unit is no longer providing services within the municipal boundaries and the town intends to contract with the county to provide such services, the imposition of ad valorem taxes to cover such services by the town would be included with the town's millage.[5] I find no exception in Chapter 74-430, Laws of Florida, as amended, that would remove the revenue paid to the county for fire protection services pursuant to a contract from the limitations on increases in operating revenue contained in the special act.
Accordingly, I am of the opinion that based upon the information you have provided to this office, the ad valorem taxes that formerly were imposed by a municipal service taxing unit for fire protection within the town but are now imposed by the town to fund fire protection services since the municipal service taxing unit is no longer providing such services within the town would be included in the ad valorem tax revenues for purposes of Chapter 74-430, Laws of Florida, as amended.
Question Two
You ask whether the provisions of section 200.151, Florida Statutes, would permit the town to increase the ad valorem rate without violating the ten percent limitation on increases contained in Chapter 74-430, Laws of Florida, as amended. It is assumed for this inquiry that the increase in the ad valorem tax revenues to fund fire protection services would result in the town's budget for operating expenses exceeding by ten percent of the ad valorem tax revenues for operating funds of the preceding year.
Section 200.151, Florida Statutes, provides:
"In the event any municipality should lose revenue through the loss of a proprietary activity or other source of revenue, the governing body of the municipality is authorized to increase the millage in an amount sufficient to restore such loss of revenue. In the event any municipality should relinquish any governmental function to a county or other governmental body, the governing body of such municipality shall reduce the millage in an amount which will equal the cost of such governmental function."
The above statute was first adopted in 1967 and codified as section 167.443, Florida Statutes (1967), and was renumbered as section 200.151
in 1969.[6] As discussed by the Florida Supreme Court in State ex rel.Dade County v. Dickinson,[7] the proposed 1968 Constitution imposing millage caps for municipalities and counties was under consideration when the Legislature enacted the legislation that imposed a millage cap for municipalities.[8] As indicated by the Court, the intent of the legislation appears to have been to address the 10-mill caps imposed on counties and municipalities.
It is not readily apparent that section 200.151, Florida Statutes, is applicable to the situation presented in your letter. However, if it did apply, the provisions of Chapter 74-430, Laws of Florida, as amended, would appear to control. As a special act that was adopted and amended after the enactment of section 200.151, Florida Statutes, Chapter 74-430, supra, would control any increase in ad valorem revenues.[9]
Accordingly, I am of the opinion that the provisions of section200.151, Florida Statutes, would not permit increasing the ad valorem rate of the town to recoup the cost of the service without violating the limitations imposed by Chapter 74-430, supra, as amended.
Question Three
In light of my responses to Questions One and Two, it is unnecessary to address your third question.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See s. 125.01(1)(q), Fla. Stat., authorizing a county to create MSTUs to provide municipal services from funds derived from service charges, special assessments, or taxes within such unit only.
[2] See s. 125.01(1)(q), Fla. Stat., stating that subject to the consent by ordinance of the governing body of the affected municipality given either annually or for a term of years, the boundaries of a municipal service taxing or benefit unit may include all or part of the boundaries of a municipality.
[3] Chapter 85-381, Laws of Fla., amended Ch. 74-430, Laws of Fla., to exempt the Brevard County Free Public Library District.
[4] Section 125.01(1)(q), Fla. Stat., authorizes a county to
 "Establish, and subsequently merge or abolish those created hereunder, municipal service taxing or benefit units for any part or all of the unincorporated area of the county, within which may be provided fire protection . . . and other essential facilities and municipal services from funds derived from service charges, special assessments, or taxes within such unit only. Subject to the consent by ordinance of the governing body of the affected municipality given either annually or for a term of years, the boundaries of a municipal service taxing or benefit unit may include all or part of the boundaries of a municipality. If ad valorem taxes are levied to provide essential facilities and municipal services within the unit, the millage levied on any parcel of property for municipal purposes by all municipal service taxing units and the municipality may not exceed 10 mills. This paragraph authorizes all counties to levy additional taxes, within the limits fixed for municipal purposes, within such municipal service taxing units under the authority of the second sentence of s. 9(b), Art. VII of the State Constitution." And see Art. VII, s. 9(b), Fla. Const., providing that ad valorem taxes, except as provided therein, shall not be levied in excess of 10 mills for all municipal purposes and 10 mills for all county purposes except that a county furnishing municipal services may, to the extent authorized by law, levy additional taxes within the limits fixed for municipal purposes.
[5] See s. 200.001(2), Fla. Stat., which provides:
 "(2) Municipal millages shall be composed of four categories of millage rates, as follows:
 (a) General municipal millage, which shall be that nonvoted millage rate set by the governing body of the municipality.
 (b) Municipal debt service millage, which shall be that millage rate necessary to raise taxes for debt service as authorized by a vote of the electors pursuant to s. 12, Art. VII of the State Constitution.
 (c) Municipal voted millage, which shall be that millage rate set by the governing body of the municipality as authorized by a vote of the electors pursuant to s. 9(b), Art. VII of the State Constitution.
 (d) Municipal dependent special district millage, as provided in subsection (5)."

[6] See respectively s. 3, ch. 67-396, Laws of Fla., and ss. 1, 2, ch. 69-55, Laws of Fla.
[7] 230 So. 2d 130 (Fla. 1969).
[8] See s. 1, Ch. 67-396, Laws of Fla., which imposed a ten mill cap on ad valorem taxes except for special benefits and debt service on obligations issued with the approval of the taxpayers (now see s.200.081, Fla. Stat.). And see s. 1, Ch. 67-395, Fla. Stat., imposing a cap on counties (see now s. 200.071, Fla. Stat.). Cf. Art. VII., s.9(b), Fla. Const. ("Ad valorem taxes, exclusive of taxes levied for the payment of bonds and taxes levied for periods not longer than two years when authorized by vote of the electors . . . shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: for all county purposes, ten mills; for all municipal purposes, ten mills; . . . [a] county furnishing municipal services may, to the extent authorized by law, levy additional taxes within the limits fixed for municipal purposes").
[9] Under the rules of statutory construction, when a special act and a general law conflict, the special act will prevail, see, e.g.,McKendry v. State, 641 So. 2d 45 (Fla. 1994); Gretz v. FloridaUnemployment Appeals Commission, 572 So. 2d 1384 (Fla. 1991); Rowe v.Pinellas Sports Authority, 461 So. 2d 72 (Fla. 1984); American BakeriesCompany v. Haines City, 180 So. 524 (Fla. 1938). And see McKendry v.State, 641 So. 2d 45 (Fla. 1994); Askew v. Schuster, 331 So. 2d 297
(Fla. 1976); State v. Dunmann, 427 So. 2d 166 (Fla. 1983); FloridaAssociation of Counties, Inc. v. Department of Administration, Divisionof Retirement, 580 So. 2d 641 (Fla. 1st DCA 1991), approved,595 So. 2d 42 (Fla. 1992) setting forth the general rule that in cases of conflicting statutory provisions, latter expression will prevail over former.