Dear Ms. Hawkins:
On behalf of the Lee County School Board you have asked for my opinion on substantially the following question:
Pursuant to section 1013.45, Florida Statutes, may the school board enter into a contract with a construction management or program management entity and subsequently obtain a guaranteed maximum price or a guaranteed completion date in light of Attorney General Opinion 2007-12, which stated that a guaranteed maximum price or a guaranteed completion date may only be obtained during the negotiation phase pursuant to section 287.055, Florida Statutes?
Chapter 1013, Florida Statutes, providing requirements for educational facilities, contains specific provisions setting forth contracting procedures for related construction projects. Section 1013.45, Florida Statutes, provides:
"(1) Boards may employ procedures to contract for construction of new facilities, or major additions to existing facilities, that will include, but not be limited to:
 (a) Competitive bids.
 (b) Design-build pursuant to s. 287.055.
 (c) Selecting a construction management entity, pursuant to the process provided by s. 287.055, that would be responsible for all scheduling and coordination in both design and construction phases and is generally responsible for the successful, timely, and economical completion of the construction project. The construction management entity must consist of or contract with licensed or registered professionals for the specific fields or areas of construction to be performed, as required by law. At the option of the board, the construction management entity, after having been selected, may be required to offer a guaranteed maximum price or a guaranteed completion date; in which case, the construction management entity must secure an appropriate surety bond pursuant to s. 255.05 and must hold construction subcontracts. The criteria for selecting a construction management entity shall not unfairly penalize an entity that has relevant experience in the delivery of construction projects of similar size and complexity by methods of delivery other than construction management."
Because the statutory provisions relating to construction and program management for educational facilities refer to section 287.055, you are concerned with the applicability of Attorney General's Opinion 2007-12.
In Attorney General's Opinion 2007-12, this office was asked whether a city project met the requirements of section 287.055, Florida Statutes, the Consultants' Competitive Negotiation Act (CCNA), when a construction manager at risk or program manager at risk contract was used for the design and construction of a multi-phase project, and each phase of the project was separately negotiated for a guaranteed maximum price and completion date. The opinion concluded that "separately negotiating each phase of a multi-phase project that has been awarded to a construction manager at risk or program manager at risk does not comply with the plain language or intent of section 287.055(9)(c), Florida Statutes," and that the procedures of the statute "clearly indicate that compensation will be negotiated prior to the selected firm beginning work under the contract."
The procedure established by section 1013.45(1), Florida Statutes, provides flexibility for school boards through the use by the Legislature of the word "may"[1] and legislative recognition that boards may employ procedures "that will include, but not be limitedto" those set forth in the statute. (e.s.) Paragraph (1)(c) provides that a school board may select a construction management entity pursuant to the process provided in section 287.055, Florida Statutes. That statute also provides that "[a]t the option of the board, the construction management entity, after having been selected, may be required to offer a guaranteed maximum price or a guaranteed completion date[.]" The statute authorizes a school board to employ competitive bids for contracting and construction of educational facilities, but the board may also utilize, where appropriate, design-build contracts pursuant to the CCNA.
It is a generally recognized rule of statutory construction that a statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in more general terms.[2] Thus, section 1013.45, Florida
Statutes, which speaks directly to educational construction projects and recognizes that school boards have a number of options for contracting and construction projects would control over the more general terms of section 287.055, Florida Statutes, upon which Attorney General's Opinion 2007-12 was based.
Attorney General's Opinion 2007-12 concluded that separately negotiating each phase of a multi-phase project that has been awarded to a construction manager at risk or program manager at risk did not comply with the plain language or intent of section 287.055(9)(c), Florida Statutes. However, subsequent to issuance of this opinion, legislation was passed during the 2007 legislative session to define the manner in which local governments can utilize the services of construction management or program management entities.[3] The new statutory guidelines provided to local governments reflect current statutory provisions that allow Florida's school boards to use construction management or program management entities.[4] Chapter 2007-159, Laws of Florida, also clarifies existing law on the use of design-build for public construction and provides that a guaranteed maximum price and guaranteed completion date are to be provided subsequent to competitive negotiations for design-build projects. These changes take effect on July 1, 2007.
In sum, the school board, after selecting a construction management entity, may utilize the procedures set forth in section 1013.45(1)(c), Florida Statutes, which provides discretion to local school boards in whether to require that an offer include a guaranteed maximum price or a guaranteed completion date. If a design-build project is undertaken pursuant to section 1013.45(1)(b), Florida Statutes, the school board should be aware of the changes made to section 287.055(9)(c), Florida Statutes, effective July 1, 2007.
Sincerely,
Bill McCollum
Attorney General
BM/tgh
[1] See Myles v. State, 602 So. 2d 1278 (Fla. 1992); City of Miami v.Save Brickell Ave, Inc., 426 So. 2d 1100 (Fla. 3rd DCA 1983); Fixel v.Clevenger, 285 So. 2d 687 (Fla. 3rd DCA 1973) (word "may" when given its ordinary meaning denotes permissive term rather than mandatory connotation of word "shall."
[2] McKendry v. State, 641 So. 2d 45 (Fla. 1994); Gretz v. FloridaUnemployment Appeals Commission, 572 So. 2d 1384 (Fla. 1991).
[3] See Ch. 2007-159, Laws of Fla., creating s. 255.103, Fla. Stat., which authorizes a county, municipality, special district, or other political subdivision of the state to select a construction management entity or program management entity pursuant to s. 287.055, Fla. Stat., and, at the option of the public entity, to require a guaranteed maximum price or a guaranteed completion date. If the project includes a grouping of substantially similar construction, rehabilitation, or renovation activities, the public subdivision may require a separate guaranteed maximum price and a separate guaranteed completion date for each grouping of substantially similar construction, rehabilitation, or renovation activities.
[4] See House of Representatives Staff Analysis for CS/HB 1489 (Chapter 2007-159, Laws of Florida), dated 4/20/2007, and stating in n. 2, that "[t]his provision is modeled after 1013.45, F.S., which authorizes school districts to select a construction management entity or program management entity pursuant to s. 287.055, F.S., and may require the entity to offer a guaranteed maximum price or a guaranteed completion date."