Dear Mr. Craig:
You ask the following question:
 May a county charge a plans review fee for a fire inspector to review plans and inspect installation of a fire sprinkler system in a one-family or two-family dwelling to ensure compliance with the Florida Fire Prevention Code when the county has permitted fire sprinkler protection pursuant to section 633.025(9), Florida Statutes?
In sum:
 Section 633.025(9), Florida Statutes, would preclude a local government from charging an additional fee for plans review or inspection, above what is charged to a non-fire sprinklered dwelling, because a one-family or two-family dwelling is protected by a fire sprinkler.
You state that a local developer, pursuant to section 633.025(9), Florida Statutes, has opted to require fire sprinkler protection within a development, in lieu of installing other required fire protection. This section contains language that appears to prohibit a local jurisdiction or utility from charging any additional fee for plan review or inspection, above what is charged for dwellings without sprinklers, on the basis that a one-family or two-family dwelling has a fire sprinkler system.
Section 633.551, Florida Statutes, recognizes the authority of local governments to regulate the quality and character of work performed by contractors. It specifically states:
 "Nothing in this act limits the power of a municipality or county to regulate the quality and character of work performed by contractors through a system of permits, fees, and inspections which are designed to secure compliance with, and aid in the implementation of, state and local building laws or to enforce other local laws for the protection of the public health and safety."[1]
Section 633.025, Florida Statutes, establishes the Florida Fire Prevention code and the Life Safety Code adopted by the State Fire Marshal as the minimum fire safety standards for each municipality, county or special district with fire safety responsibilities.[2]
Subsection (9) of the law states:
 "The provisions of the Life Safety Code shall not apply to newly constructed one-family and two-family dwellings. However, fire sprinkler protection may be permitted by local government in lieu of other fire protection-related development requirements for such structures. . . . In addition, a local jurisdiction or utility may not charge any additional fee, above what is charged to a non-fire sprinklered dwelling, on the basis that a one- or two-family dwelling unit is protected by a fire sprinkler system." (e.s.)
As a more specific law enacted at a later date, [3] the provision in section 633.025(9), Florida Statutes, would prevail and act as an exception to the more general grant of authority in section 633.551(1), Florida Statutes.[4]
Thus, section 633.025(9), Florida Statutes, would preclude a county from charging a plans review fee for a fire inspector to review plans and inspect the installation of a fire sprinkler system in a one-family or two-family dwelling to ensure compliance with the Florida Fire Prevention Code, when no such fee is charged for a dwelling that does not have fire sprinkler protection. Accordingly, a county may not charge an additional fee to review plans and inspect installation of a fire sprinkler system in a one-family or two-family dwelling.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] Section 633.551(1), Fla. Stat. Subsection (2) states:
 "Nothing in this act limits the power of a municipality or county to adopt any system of permits requiring submission to and approval by the municipality or county of plans and specifications for work to be performed by contractors before commencement of the work, except that no municipality or county shall require a fire protection system contractor's shop drawings to be sealed by a professional engineer."
[2] See s. 633.025(1), Fla. Stat.
[3] The language in s. 633.025(9), Fla. Stat., precluding the charge of additional fees on the basis that a one-family or two-family dwelling is protected by a fire sprinkler system was added to the section in 2005 by s. 17, Ch. 2005-147, Laws of Fla.; s. 633.551, Fla. Stat., was enacted by s. 16, Ch. 75-240, Laws of Fla. (1975), and remains unchanged.
[4] See McKendry v. State, 641 So. 2d 45 (Fla. 1994) (specific statute covering a particular subject area will control over a statute covering the same and other subjects in more general terms); Rowe v. PinellasSports Authority, 461 So. 2d 72 (Fla. 1984) (when a special act and a general law conflict, the special act will prevail); Florida Associationof Counties, Inc. v. Department of Administration, Division ofRetirement, 580 So. 2d 641 (Fla. 1st DCA 1991), approved, 595 So. 2d 42
(Fla. 1992) (general rule is that in cases of conflicting statutory provisions, latter expression will prevail over former).