Dear Ms. Boutsis:
On behalf of the Village of Palmetto Bay, you ask substantially the following question:
Does section 380.06, Florida Statutes, as amended by Chapter 2010-147, Laws of Florida, apply to building permits issued by the village?
In sum:
Section 380.06, Florida Statutes, as amended by Chapter 2010-147, Laws of Florida, applies to building permits issued by a local government with expiration dates between September 1, 2008, and January 1, 2012.
Section 380.06, Florida Statutes, generally addresses developments of regional impact. However, during the 2009 legislative session, in recognition of 2009 real estate market conditions, the Legislature, enacted section 14, Chapter 2009-96, Laws of Florida, amending section 380.06, Florida Statutes, to extend by two years any permit issued by the Department of Environmental Protection or a water management district, as well as development orders or building permits issued by local governments.
This office commented on the requirements of the 2009 act in Attorney General Opinion 2009-54, as they relate to building permits issued by local governments. It was concluded that those seeking to avail themselves of the benefits of the extension of their locally-issued building permits would be required to provide written notification to the local governmental entity which issued the permits by the deadline prescribed in the act, December 31, 2009. The language of the act clearly applied to building permits issued by local governments.[1]
During the 2010 legislative session, section 380.06, Florida Statutes, was again amended to allow the extension of a building permit which has an expiration date from September 1, 2008, through January 1, 2012, for a period of two years after its previously scheduled date of expiration. The legislation specifically recognizes that "[t]his extension is in addition to the 2-year permit extension provided under section 14 of chapter 2009-96, Laws of Florida."[2]
The amendment further provides that the holder of a valid permit that is eligible for the two-year extension must notify the authorizing agency in writing by December 31, 2010.[3] Section (4) of the amendment excludes the following from its coverage:
"(a) A permit or other authorization under any programmatic or regional general permit issued by the Army Corps of Engineers. (b) A permit or other authorization held by an owner or operator determined to be in significant noncompliance with the conditions of the permit or authorization as established through the issuance of a warning letter or notice of violation, the initiation of formal enforcement, or other equivalent action by the authorizing agency. (c) A permit or other authorization, if granted an extension that would delay or prevent compliance with a court order."
It is a well-established rule of statutory construction that where the Legislature has enumerated things upon which a statute is to operate, no others may be inferred.[4] Thus, it would appear that only those permits enumerated in section 46(4), Chapter 2010-147, Laws of Florida, would be excluded from the provisions of the act.
There is nothing in the language of the 2010 amendment of section 380.06, Florida Statutes, which suggests that locally-issued building permits would be excluded from its coverage. The reference to a "building permit" without limitation as to its origin and the acknowledgement that permits extended under the 2009 legislation could be extended for an additional two years, as well as the Legislature's reauthorization of "[a]ny 2-year extension authorized and timely applied for pursuant to section 14 of chapter 2009-96, Laws of Florida[,]" would lead to the conclusion that the 2010 legislation applies to building permits issued by local governments. Moreover, nothing in the 2010 amendments would appear to alter the conclusion reached in Attorney General Opinion 2009-54.
You also question the interplay between the provisions of section 380.06, Florida Statutes, and limitations on the time period a building permit remains active contained in the Florida Building Code.[5] As a more specific law enacted at a later date, the provision in section 380.06, Florida Statutes, as amended by Chapter 2010-147, Laws of Florida, would prevail and act as an exception to the more general provisions in the Florida Building Code.[6]
Accordingly, it is my opinion that the 2010 amendment to section 380.06, Florida Statutes, applies to building permits issued by local governments.
Sincerely,
Bill McCollum Attorney General
BM/tals
[1] Section 14, Ch. 2009-96, Laws of Fla., in pertinent part, states:
 "(1) Except as provided in subsection (4), and in recognition of 2009 real estate market conditions, any permit issued by the Department of Environmental Protection or a water management district pursuant to part IV of chapter 373, Florida Statutes, that has an expiration date of September 1, 2008, through January 1, 2012, is extended and renewed for a period of 2 years following its date of expiration. This extension includes any local government-issued development order or building permit. The 2-year extension also applies to build out dates including any build out date extension previously granted under s. 380.06(19)(c), Florida Statutes. This section shall not be construed to prohibit conversion from the construction phase to the operation phase upon completion of construction." (e.s.)
[2] See s. 46(1), Ch. 2010-147, Laws of Fla.
[3] See s. 46(3), Ch. 2010-147, Laws of Fla.
[4] See Thayer v. State, 335 So. 2d 815 (Fla. 1976);Ideal Farms Drainage District v. Certain Lands,19 So. 2d 234 (Fla. 1944).
[5] Chapter 1, s. 105(4)(1), Fla. Building C. (2004 ed. includes 2007 amendments), states:
 "105.4.1 Permit intent.
 A permit issued shall be construed to be a license to proceed with the work and not as authority to violate, cancel, alter or set aside any of the provisions of the technical codes, nor shall issuance of a permit prevent the building official from thereafter requiring a correction of errors in plans, construction or violations of this code. Every permit issued shall become invalid unless the work authorized by such permit is commenced within six months after its issuance, or if the work authorized by such permit is suspended or abandoned for a period of six months after the time the work is commenced."
[6] See McKendry v. State, 641 So. 2d 45 (Fla. 1994) (specific statute covering a particular subject area will control over a statute covering the same and other subjects in more general terms); Rowe v. Pinellas Sports Authority,461 So. 2d 72 (Fla. 1984) (when a special act and a general law conflict, the special act will prevail); FloridaAssociation of Counties, Inc. v. Department of Administration,Division of Retirement, 580 So. 2d 641 (Fla. 1st DCA 1991),approved, 595 So. 2d 42 (Fla. 1992) (general rule is that in cases of conflicting statutory provisions, latter expression will prevail over former).