Dear Ms. Holley:
You ask substantially the following question:
Does section 388.111, Florida Statutes, or section 3(3), Chapter 2002-346, Laws of Florida, control the manner in which a vacancy is filled on the board of commissioners for the Florida Keys Mosquito Control District?
In sum:
Section 3(3), Chapter 2002-346, Laws of Florida, as the more recent and specific legislative directive, controls the manner in which a vacancy is filled and calls for the Governor to appoint an individual to fill a vacancy on the board of commissioners for the Florida Keys Mosquito District.
You state that the recent death of a commissioner for the Florida Keys Mosquito Control District, creating a vacancy on the board, has highlighted an apparent conflict between section 388.111, Florida Statutes, under which the Commissioner of Agriculture fills a vacancy on the board of a mosquito control district, and section 3(3), Chapter 2002-346, Laws of Florida, providing that the Governor appoints an individual to fill a vacancy on the board of the Florida Keys Mosquito Control District.[1]
Chapter 388, Florida Statutes, generally addresses the creation and operation of mosquito control districts in this state.[2] Section 388.111, Florida Statutes, states that "[i]n the event of a vacancy due to any cause in any board of commissioners, the same shall be filled by appointment by the Commissioner of Agriculture for the unexpired term." Thus, for those mosquito control districts created and operating under the provisions of Chapter 388, Florida Statutes, the controlling statute directs that the Commissioner of Agriculture fills by appointment any vacancy on the board of commissioners of the district.
The Florida Keys Mosquito District was created by special act.[3] A board of five elected commissioners governs the district.[4] Upon election to the board, a commissioner is required to make and execute to the Governor a surety bond, conditioned on the faithful execution of his or her office.[5] Relative to vacancies on the board, the special act provides that "[v]acancies created by the resignation, death, or removal from said board of commissioners shall also be filled by appointment by the Governor."[6]
It is a general rule of statutory construction that a specific statute governing a certain subject will control over a general statute relating to the same subject matter.[7] Moreover, the last expression of the Legislature takes precedence over earlier enactments on the same subject.[8] As the more specific and later in time, the provisions in section 3(3), Chapter 2002-346, Laws of Florida, would apply to the appointment of individuals to fill vacancies on the Florida Keys Mosquito Control District.[9]
Accordingly, it is my opinion that the Governor has the authority to appoint individuals to fill vacancies which may occur on the board of commissioners for the Florida Keys Mosquito Control District, under section 3(3), Chapter 2002-346, Laws of Florida.
Sincerely,
 Pam Bondi Attorney General
PB/tals
[1] A response to your inquiry necessarily requires comment upon the authority of the Governor. The Governor's Office has advised that it has no objection to this office commenting on the issue.
[2] See ss. 388.021-388.4111, Fla. Stat.
[3] See Ch. 2002-346, Laws of Fla., codifying all previous special acts relating to the Monroe County Mosquito Control District and stating the Legislature's intent to "provide a single, comprehensive special act charter for the district, including all current legislative authority granted to the district by its several legislative enactments and any additional authority granted by this act."
[4] Section 3(1), Ch. 2002-346, Laws of Fla.
[5] See s. 3(3), Ch. 2002-346, Laws of Fla. Use of the term "also" relates to the previous sentence in subsection (3) directing that should a newly elected commissioner fail to make and file the required surety bond with 60 days of his or her election or appointment, a vacancy occurs which shall be filled by the Governor.
[6] Id.
[7] See McKendry v. State, 641 So. 2d 45 (Fla. 1994) (specific statute covering a particular subject area will control over a statute covering the same and other subjects in more general terms); Rowe v.Pinellas Sports Authority, 461 So. 2d 72 (Fla. 1984) (when a special act and a general law conflict, the special act will prevail).
[8] See Florida Association of Counties, Inc. v. Department ofAdministration, Division of Retirement,580 So. 2d 641 (Fla. 1st DCA 1991), approved,595 So. 2d 42 (Fla. 1992) (general rule is that in cases of conflicting statutory provisions, latter expression will prevail over former).
[9] Section 388.111, Florida Statutes, was created by s. 2, Ch. 59-195, Laws of Fla. (1959), and provided that "[i]n the event of a vacancy due to any cause in any board of commissioners, the same shall be filled by appointment by the governor for the unexpired term." Section 388.111, Fla. Stat., was amended by s. 3, Ch. 92-203, Laws of Fla., to direct the Commissioner of Agriculture to make the appointment to fill vacancies on the boards of mosquito control districts.