Dear Mr. Lapp:
You ask substantially the following question:
Pursuant to section 125.35(1)(b)1., Florida Statutes, may the county negotiate a lease of its airport property to a private party for use as a public airport for a term in excess of 30 years, notwithstanding section 332.08(3), Florida Statutes?
In sum:
Section 125.35(1)(b)1., Florida Statutes, authorizes the county to negotiate a lease of its airport property to a private party for a length of term and under such conditions the board of county commissioners determines is in the best interest of the county.
You state that Hendry County has filed a preliminary application to participate in a federal airport privatization program, but that no final approval has been given.[1] In October, 2010, the Federal Aviation Authority (FAA) accepted Hendry County's preliminary application into the Airport Privatization Pilot Program.[2] It is your understanding that the FAA will entertain a final application when it is filed by the county, but approval is not certain. The county questions, however, whether it may negotiate the lease of airport property for a term in excess of 30 years for the privatization of its airport.
Section 125.35(1), Florida Statutes, states:
 "(a) The board of county commissioners is expressly authorized to sell and convey any real or personal property, and to lease real property, belonging to the county, whenever the board determines that it is to the best interest of the county to do so, to the highest and best bidder for the particular use the board deems to be the highest and best, for such length of term and such conditions as the governing body may in its discretion determine.
 (b) Notwithstanding the provisions of paragraph (a), the board of county commissioners is expressly authorized to:
 1. Negotiate the lease of an airport or seaport facility;
 2. Modify or extend an existing lease of real property for an additional term not to exceed 25 years, where the improved value of the lease has an appraised value in excess of $20 million; or
 3. Lease a professional sports franchise facility financed by revenues received pursuant to s. 125.0104 or s. 212.20;
under such terms and conditions as negotiated by the board." (e.s.)
Section 125.35(1)(b)1., Florida Statutes, has been interpreted by this office to allow a board of county commissioners to lease county airport property for a term determined by the commission to be in the best interest of the county.[3] While section 332.08, Florida Statutes, [4] makes provisions for the lease of airport property by municipalities, [5] this office has concluded that the more recent and specific provisions in section 125.35, Florida Statutes, dealing particularly with the power of counties to lease airport facilities, apply when a county is contemplating the lease of such property.[6]
Thus, pursuant to section 125.35(1)(b)1., Florida Statutes, Hendry County is authorized to negotiate the lease of its airport property to a private party for a term in excess of 30 years and under such conditions as the board of county commissioners determines within its discretion is in the best interest of the county.
Sincerely,
 Pam Bondi Attorney General
PB/tals
[1] In Op. Att'y Gen. Fla. 11-11 (2011), this office concluded that Hendry County was authorized to sell the county airport to a private entity, but such sale would be subject to the competitive bidding process in section 125.35, Florida Statutes. You have clarified that the federal government has not agreed to the sale, nor has it waived operation of a reversionary clause in the deed to the county. You do not ask, nor does this office express any comment on whether this clarification would affect the conclusion reached in Op. Att'y Gen. Fla. 11-11 (2011).
[2] See 49 USC s. 47134.
[3] See Ops. Att'y Gen. Fla. 99-35 (1999) (board of county commissioners may negotiate lease for an airport facility without competitive bid for such length of term and under such conditions as the governing body in its discretion determines to be beneficial to the county) and 94-96 (1994) (section 125.35[1][a], Fla. Stat., authorizes the county to grant a lease of airport property to a private party for a term of more than 30 years).
[4] Section 332.08(3), Fla. Stat.
[5] Section 332.01(1), Fla. Stat., defines "[m]unicipality" for purposes of Ch. 332, Fla. Stat., to include "any county, city, village, or town of this state."
[6] See Op. Att'y Gen. Fla. 94-96 (1994). And see s. 8, Ch. 22846, Gen. Laws of Fla. (1945), creating s. 332.08, Fla. Stat., and s. 1, Ch. 23829, Gen. Laws of Fla. (1947), creating s. 125.35, Fla. Stat. While s. 125.35, Fla. Stat., has been subsequently amended by Ch. 99-190, Laws of Fla., to clarify local governments' authority to lease airport property since the 1994 opinion was issued, such amendment does not alter the county's authority; compare to the latest amendment to section 332.08, Fla. Stat., occurred in s. 231, Ch. 71-136, Laws of Fla., making violation of county-imposed airport regulations a misdemeanor of the second degree, punishable as provided in ss. 775.082 or 775.083, Fla. Stat. See also Florida Association of Counties, Inc. v. Department of Administration, Division of Retirement, 580 So. 2d 641 (Fla. 1st DCA 1991), approved,595 So. 2d 42 (Fla. 1992) (general rule is that in cases of conflicting statutory provisions, latter expression will prevail over former).